## YALE & BOWLING v. VIOLA B. MCLAURIN.

1. EXEMPTION. *Life insurance policy.*
   The code of 1880, § 1261, provides that "the amount of any life insurance
   policy, not exceeding ten thousand dollars, upon any one life shall enure to
   the party or parties named as the beneficiaries thereof, freed from all
   liability for the debt of the person paying the premiums thereon."

2. SAME. *Code* 1880, § 1261, *construed.*
   The purpose of this statute is to secure to the beneficiary of such policy the
   proceeds thereof, freed from liability for the debts of *another*, who has
   paid the premiums thereon.

3. EXEMPTION OF LIFE POLICY; WHO MAY CLAIM.
   If the *beneficiary* is "the person paying the premiums thereon," he cannot, on
   that ground, claim the exemption under the above statute as against his
   creditors. He holds the proceeds as any other property and subject to the
   same liability as though this statute did not exist.

APPEAL from the chancery court of Yazoo county.

HON. WARREN COWAN, Chancellor.

The appellee, Viola B. McLaurin, was engaged in mercantile
business in Yazoo City, Mississippi, under the style of McLaurin
& Co., and became largely indebted, and, among other creditors, to
the appellants. The business was closed by attachments at the suit
of various creditors, and the assets proved insufficient to pay her
liabilities.

This bill was filed by certain of her creditors, appellants among
the number, who had failed to realize upon the stock and assets of
the store, and it alleges, besides the above facts, that said Viola B.
McLaurin had procured a policy of insurance upon the life of, her
husband, William McLaurin, in the New York Life Insurance
Company, and had, in accordance with the terms thereof, paid the
premiums herself; that William McLaurin had died, and that
thereby the amount of the policy, two thousand dollars, had become
due to the said Viola B. McLaurin, who had executed a pretended
transfer of the policy to one Bunch, in order to defraud her cred-
itors. The bill is against her, The New York Life Insurance

Company and Bunch, and prays that the pretended transfer may be cancelled, and the proceeds of the policy be applied to the payment of the debts due to complainants.

The defendants demurred to the bill, contending that the proceeds of the policy were exempt in favor of Viola B. McLaurin, who had paid the premiums thereon, under the provisions of § 1261 of the code of 1880. This section is as follows : " The amount of any life insurance policy, not exceeding ten thousand dollars, upon any one life, shall enure to the party or parties named as the beneficiaries thereof, freed from all liability for the debts of the person paying the premiums thereon."

The chancellor sustained the demurrer, but granted complainants an appeal to settle the merits of the cause.

*D. R. Barnett,* for appellants.

Section 1261 of the code evidently contemplates that the beneficiary, and the person paying the premiums, shall be distinct individuals. The proceeds of the policy are exempt from all liability for the debts of the person paying the premiums, not the debts of the *party* or *parties* named as beneficiaries. Moreover the language " freed from all liability for debts, etc.," is the natural mode of expression, when the fund in the hands of one person is sought to be subjected to liability for the debts of another, the purpose being to relieve the fund from any previous liability, that might exist on account of the payment of the premiums by another. If it had been the purpose of the legislature to exempt the insurance money from the debts of a beneficiary, who pays the premiums, would it not have so expressed itself ? The construction given by the court of the section is not the natural, but a strained construction.

A consideration of the former law as interpreted in the courts prior to the adoption of this act shows us the mischief intended to be remedied, and aids us in construing this section. It was held that insolvents could not insure their lives for the benefit of others, to whom they were under no legal obligation, and that, to the amount of the premiums at least, creditors of the insured could subject the insurance money. Under this act the payment of pre-

miums is no longer considered a fraud on creditors, where the amount of the insurance does not exceed ten thousand dollars.

If the construction of § 1261, adopted by the lower court, be correct, some startling results will follow : A wife who paid the premiums on a policy taken out for her benefit on her husband's life, would take the money freed from her indebtedness, but a wife, whose husband had insured his life for her benefit, and paid the premiums, would take the insurance, subject to any indebtedness she might owe.   An insolvent could insure his life, making the policy payable to himself, and, under what is known as the endowment plan, could, after a certain number of years, receive from the insurer a sum of money not exceeding ten thousand dollars, which he could hold freed from all liability for his debts, he being " the person paying the premiums thereon."   Such construction is contrary to the spirit of our exemption laws, and would exempt an amount far in excess of the exemptions allowed other citizens.

" Special privileges are always obnoxious, and discriminations against persons or classes are still more so ; and as a rule of construction, it is to be presumed they were probably not contemplated or designed."   Cooley Con. Lim. 393.   " Words ought to wait on the intention not the reverse."   *Green* v. *Wells,* 3 Ga. 630.

*Williams & Williams,* for appellee.

The bill admits that appellee is the " person paying the premiums thereon " in the matter of this policy, and that she is the " person named therein as beneficiary," and construing the plain language of this section of the code, in its ordinary meaning, the statute covers this case like a blanket, and the proceeds of this policy are necessarily " freed from all liability " for her debts. Why should not the ordinary meaning of the words be given to it ? None of the words are technical or words or art.

It is only where the language is ambiguous that there is room for construction.   Where the language is plain and unambiguous, the courts will not search for any intention, but are bound to conclude that what is clearly done, was intended to be done, whether it was in the opinion of the court wise or unwise.

Our code gives the rule for construing its provisions : " All

words and phrases used in this code shall be construed according to their common and ordinary meaning and acceptance, but technical words and phrases shall be construed according to their technical meaning." Code 1880, § 10.

The courts must find the intent in the *language* of a statute. *Tynan* v. *Walker*, 35 Cal. 634 ; *Ezekiel* v. *Dixon*, 3 Ga. 146. It is only when the language is ambiguous that courts can exercise the power of construction. *Bidwell* v. *Whitaker*, 1 Mich. 469 ; *Barstow* v. *Smith*, Walk. (Mich.) 394 ; *U. S.* v. *Warner*, 4 McLean 463 ; *U. S.* v. *Ragsdale*, 1 Hemps. 497 ; *Bartlett* v. *Morris*, 9 Port. 266 ; *Green* v. *Weller*, 32 Miss. 650 ; *Forniquet* v. *R. R. Co.*, 6 How. 116 ; *Brien* v. *Williamson*, 7 How. 14 ; *Smith* v. *Halfacre*, 6 How. 582. Where construction is proper it should be just and equitable and consistent with the policy of the state. *Shelton* v. *Baldwin*, 4 Cush. 439.

The construction we contend for is not only the plain one, but is the one consistent with the policy of the state as to exemptions. Exemption laws are always construed liberally in favor of the debtor. *Mosely* v. *Anderson*, 40 Miss. 49 ; *Gilman* v. *Williams*, 7 Wis. 329 ; *Bevan* v. *Hayden*, 13 Iowa 122 ; *Stewart* v. *Brown*, 37 N. Y. 350.

So, under a statute in New York which exempts a certain amount of insurance " from the debts of the husband," the courts have uniformly held the proceeds exempt from debts of the *husband and wife* both. *Baron* v. *Brummer*, 100 N. Y. 375 ; *Leonard* v. *Clinton*, 26 How. 288 ; *Brummer* v. *Cohn*, 86 N. Y. 11 ; *Smillie* v. *Quinn*, 90 N. Y. 497 ; *Eadie* v. *Slimmon*, 26 N. Y. 9 ; *Barry* v. *Eq. Life Ins. Co.*, 59 N. Y. 587.

This construction has been given by the New York courts in favor of this appellee, and in a suit by her creditors there to reach the proceeds of this very policy. *John B. Austin et al.* v. *Viola B. McLaurin*, N. Y. Law Journal, vol. 1, No. 63.

The construction put upon the section by the court below is just and equitable. The creditors deals with the debtor with full knowledge of the exemption law and cannot be heard to complain. In cases like this the husband, with the business capacity, but with-

out means, yet feeling his obligation to support his wife and family, takes his wife's capital and employs it in business. Credit is extended on the faith of his business capacity and management. Knowing this, and that if he should die the business would have to be closed at a great sacrifice, and not pay creditors, he desires to make provision for his widow in case of his death, and following the plain provision of the code he procures her to insure his life in her favor. He might as well put the money in a homestead, but he puts the much smaller sum in a life policy. If in a homestead, it would be free from objection. If in a life policy would it be more inequitable or unfair to creditors? If the person paying the premium is identical with the beneficiary, logically the proceeds are freed from the debts of the beneficiary.

Counsel for appellants are in error as to the "old law" to be remedied. Insolvency does not destroy the right of a man to insure his life for the benefit of his wife. *McCutcheon's Appeal*, 99 Pa. St. 133 ; *McClure* v. *Johnson*, 56 Iowa 620.

There is no more hardship as against creditors in this exemption than in others ; nor is it favoritism to a *class* more than in other cases. The exemption is general to all "beneficiaries named therein," just as a homestead exemption is general to "every person being a householder and having a family."

Cooper, J., delivered the opinion of the court.

Appellee took out a policy of insurance upon the life of her husband, · for the sum of two thousand dollars, upon which she paid the premiums. The husband has died, and appellants, creditors of appellee, seek to subject the proceeds of the policy to the payment of their debts. This right is resisted by appellee on the ground that the proceeds are exempt from liability under the provisions of § 1261 of the code, which is as follows :

"The amount of any life insurance policy, not exceeding ten thousand dollars, upon any one life, shall enure to the party or parties named as the beneficiaries thereof, freed from all liability for the debts of the person paying the premiums thereon."

The manifest purpose and end of the statute is to secure to the

beneficiary of a life policy the proceeds thereof, freed from liability for the debts of another by whom the premiums have been paid.

There is nothing indicating that the proceeds of such policy in the hands of the beneficiary shall be held or enjoyed by him in any other manner than other property may be held, or freed from any liability to which other property may be subjected.   The exemption is not to the beneficiary as against his creditors because he has paid the premiums.   The statute forbids the proceeds, which are his by the contract of insurance, from being subjected to the debts of him who has paid the consideration on which the contract of insurance rests, *because* of such payments having been made. When the beneficiary has paid the premiums and the proceeds of the insurance are sought to be subjected to his debts, the statute has no application.

*Decree reversed, demurrer overruled, and cause remanded with leave to defendants to answer within thirty days after the mandate shall have been filed in the court below.*