JOHN COATES ET AL. *v.* BELLE V. WORTHY.

1. EXEMPT PROPERTY.   *Life insurance.*   Code 1892, § 1965.

    Section 1965, code 1892, enlarges exemptions by securing to the heirs or legatees of a decedent the proceeds of insurance on his life not exceeding $5,000, even though the policy be payable to his executor or administrator.

2. SAME.   *Proceeds not subject to debts.*   Code 1892, § 1552.

    Said § 1965 applies in favor of the heirs or legatees of the insured, although he left no wife or children surviving him.   It creates an exception to the general rule declared by § 1552, that, if there be neither wife nor child surviving, exempt property becomes subject to debts.

FROM the chancery court of Warren county.

HON. CLAUDE PINTARD, Chancellor.

Thomas P. Coates died without widow or children surviving him.   He had a policy of insurance on his life for $2,000, payable to his executors or administrators.   By his will he gave the proceeds of this insurance, together with other property, to appellee, Belle V. Worthy, who was also named as executrix of the will, and qualified as such.   Appellants, as creditors of the decedent, filed this bill to subject the insurance money in the

hands of appellee for the payment of their debts. Defendant demurred to the bill, the demurrer was sustained, and the bill dismissed, and complainants appeal.

*Shelton & Brunini,* for appellants.

It is a well-recognized rule of construction that all statutes relating to the same subject-matter are to be construed together. *Scott* v. *Searles,* 5 Smed. & M., 25; *Bank* v. *Archer,* 8 *Ib.,* 151; *White* v. *Johnson,* 23 Miss., 68. A statute must be construed so as to effectuate the policy of the legislature manifested in passing it, although not strictly within the letter of the statute. *Ingraham* v. *Speed,* 30 Miss., 410; *Read* v. *Manning,* *Ib.,* 308; *Olive* v. *Walton,* 33 *Ib.,* 103.

Section 1881, code 1892, provides that all goods, chattels, personal estate and money of the decedent which may have accrued after his death from the sale of property, real or personal, or otherwise, and the land, if the personalty be insufficient, shall be appropriated to the debts of the deceased. Sections 1963, 1964, 1965, and 1551 are limitations on § 1881, and set aside certain of the debtor's property as exempt from execution. The purpose of § 1964, as is intimated in *Yale* v. *McLaurin,* 66 Miss., 461, is not to exempt any portion of the estate of the decedent from his debts, but only to secure to the person in whose favor the policy is made the proceeds of the policy, freed from the claims of creditors, in case of the insolvency of the decedent, where those claims are asserted upon the ground that the means of the decedent had been used in paying the premiums, it having been held by some courts that the creditors could, for that reason, resort to such proceeds as a fund for the payment of debts to the extent to which decedent's means were used in the payment of the premiums. Section 1965, however, deals with assets of the estate. This money accrued to the estate, after death, upon a policy payable to the executor or administrator, as held in *Rice* v. *Smith,* decided at this term, and it is therefore an exemption of a part of his es-

tate from the.claims of creditors, and the purpose of the statute is to be determined by ascertaining the policy and purpose of the exemption law generally. This purpose is the protection of the family from dependence and want by securing a home to the debtor for himself and family. Thompson on Homesteads and Exemptions, § 40; *McGrath* v. *Sinclair*, 55 Miss., 89. All the sections referred to are to be construed together, and especially with reference to another section of the code, § 1552, which provides that where there is neither wife nor child the exempt property shall be liable for the debts of the decedent. The words "exempt property" are not to be confined to the homestead, or the articles enumerated in § 1963, while the most valuable part of the exemption, the proceeds of the $5,000 policy of insurance, is to be excluded. Section 1552 operates as a limitation on § 1965 as completely as it does on § 1963, and divests the property named in both sections of its character as exempt property in the contingency named.

*Booth & Anderson,* for appellee.

Sections 1965 and 1552, code 1892, are perfectly consistent with each other. When two statutes, apparently in conflict, can be so construed as to give effect to each, that construction must be adopted which will effectuate this purpose. Section 1552 applies when one dies leaving neither husband, wife nor child, as the case may be, surviving, and leaving no insurance. Section 1965, on the other hand, expressly provides that where a man dies leaving an insurance policy payable to his legal representatives, his heirs or legatees shall take the same, not to exceed $5,000, freed from liability for debts. Section 1552 appeared in the two former codes, whereas § 1965 is a new statute, and, if there be any conflict between them, the former must yield.

WOODS, J., delivered the opinion of the court.

In the case of *Yale* v. *McLaurin*, 66 Miss., 461, § 1261, code 1880 (now § 1964, code 1892), was held to be designed

to secure to the beneficiary of a life insurance policy the pro-
ceeds thereof, freed from liabilities for the debts of another by
whom the premiums have been paid, but that when the bene-
ficiary has paid the premiums, and the proceeds of the insur-
ance are sought to be subjected to his debts, the statute has no
application.    That section is in these words: "The proceeds of
a life insurance policy, to an amount not exceeding ten thousand
dollars upon any one life, shall inure to the party or parties
named as beneficiaries thereof, free from all liability for the
debts of the person whose life was insured, even though such
person paid the premiums thereon."

In the code of 1892 another exemption was for the first time
introduced into our statute law, and that additional exemption
is found in § 1965 of the code.    It is in these words: "The
proceeds of a life insurance policy not exceeding five thousand
dollars, payable to the executor or administrator of the insured,
shall inure to the heirs or legatees, freed from all liability for
the debts of the decedent; but if the deceased be insured for
the benefit of his heirs or legatees at the time of his death other-
wise, and they shall collect the same, the sum collected shall be
deducted from the five thousand dollars, and the excess of the
latter only shall be exempt."

The purpose of this new provision of law is obvious.    The
preceding section secures to the named beneficiaries the pro-
ceeds of a life insurance policy to an amount not exceeding ten
thousand dollars.    This section, 1964, now first found in our
laws, makes a wise enlargement of our exemptions as to the
proceeds of life insurance policies, by securing to one's heirs
and legatees the proceeds of a life insurance policy not exceed-
ing five thousand dollars, even where the policy has been made
payable to the executor or administrator of the insured, and not
to his heirs or legatees, as named beneficiaries in the policy.
With the proviso or limitation contained in the concluding part
of § 1964, we do not concern ourselves, as that is, on the facts
of this case, in no way involved.            *Affirmed.*

*Shelton & Brunini*, for appellants,

Filed a suggestion of error, emphasizing the point that the insurance provided for in § 1965, code 1892, was as much a part of decedent's estate as any other claim due to his estate, and that, as decedent died without wife or children, the proceeds of this property, like all the rest of his exempt property, became subject to the payment of his debts, by virtue of § 1552. There being neither wife nor child, the whole estate became subject to the debts.

Woods, J., made the following response to the suggestion of error:

In the opinion of the court heretofore delivered, no reference was made by us, directly, to § 1552, code 1892, because, to our mind, it was so clear that, as by the terms of § 1965 the proceeds of the insurance policy on the life of Coates, the testator, went to appellee freed from all liability for the debts of the testator, therefore any reference to § 1552 would be superfluous.

The general rule imposing liability for the debts of the decedent upon his exempt property, in the absence of wife or children, is laid down in § 1552. Sections 1964, 1965 engraft on this general rule two exceptions or limitations in cases where the proceeds of life insurance policies, in one case, were made payable to named beneficiaries therein, and, in the other case, were made to inure to the heirs or legatees of the decedent. The language of § 1965 leaves no room for contention. The proceeds of the policy, in the state of case named in that section, inure to the heirs or legatees freed from all liability for the debts of the decedent.

The fact emphasized by counsel that the testator left neither wife nor child, is of no force, for § 1965 creates an exemption in favor of legatees as well as heirs.

*The former opinion is adhered to.*