### J. H. L. Rice et al. *v.* A. B. Smith et al.

1. Exemption. *Life insurance.*    *Code* 1880, § 1261.

     Under § 1261, code 1880, providing that "the amount of any life insurance policy not exceeding ten thousand dollars, upon any one life, shall inure to the party or parties named as the beneficiaries thereof, freed from all liability for the debts of the person paying the premiums thereon," where one insures his own life, the policy being made payable to himself, "his executors, administrators, or assigns," he is the real beneficiary, and the proceeds, being liable to his debts, cannot be claimed by his heirs as exempt. *Yale* v. *McLaurin*, 66 Miss., 461, cited.

2. Same.    *Act April* 1, 1892, § 2.    *Constitutionality.*    *Const.* 1890, § 16.    *Obligation of contracts.*

     Section 2, act April 1, 1892 (Laws, p. 42), providing that the proceeds of any life insurance policy taken out by one on his own life, payable to his executors or administrators, then in the hands of the legal representatives of the insured, shall inure to the benefit of his heirs, conflicts with § 16, constitution 1890, prohibiting laws impairing contracts. *Johnson* v. *Fletcher*, 54 Miss., 628.

From the chancery court of Sunflower county.

Hon. W. R. Trigg, Chancellor.

In addition to the facts set out in the opinion, it is, perhaps, material to state that the appellants, who filed the bill in the

court below to recover of the administrator the proceeds of the life insurance policy, are the brothers of Wm. H. Rice, deceased, whose life was insured. They reside in North Carolina. The said Wm. H. Rice died intestate in this state on February 2, 1892, and the defendant, A. B. Smith, a creditor, was appointed administrator of his estate February 17, 1892. It will thus be seen that the policy was issued, the debts contracted, and the said Wm. H. Rice died, prior to the passage of the act of April 1, 1892, mentioned in the opinion.

*Nugent & McWillie,* for appellants.

Section 1261, code 1880, is an exemption statute, designed to secure the proceeds of a life insurance policy to those who the ties of blood or affection should induce the assured to name as beneficiaries. No matter how largely the assured was indebted, and, although he paid the premiums, one taking under such a policy, as a named beneficiary, would receive the proceeds free from debts of the deceased, and an administrator taking the same must be regarded as a trustee for the benefit of such person.

The act of 1892 (Laws, p. 42), in the second section, declares that the proceeds of life policies, such as the one in question, in the hands of personal representatives, shall inure to the benefit of heirs at law. Cases are cited to show that this section of the act is unconstitutional or not applicable. This was a special exemption statute, under which the debtor could direct the proceeds of the policy as he wished by naming the beneficiary, or he might ignore creditors, and make no outlay on account of premiums, and, by reason of such default, a policy payable to himself would be nullified.

The character of the fund makes it doubtful whether the act of 1892 is one that offends the constitutional provision impairing the obligation of contracts. Clearly, there is no reason to so impugn it, if it be regarded as in part declaratory of the existing law. It shows the legislative will, and is the best

guide as to what was previously intended.    The law favors in-
surance for the benefit of the family.

*Yale* v. *McLaurin*, 66 Miss., 461, does not militate against
our contention.    The clear intent of the law was to free the
proceeds from liability for the debts of the assured.    It will
be observed that the provision in favor of the beneficiary
named is entirely independent of the status of the assured as
the head of a family.    No matter who is named as beneficiary,
he will take the proceeds discharged from all debts of the as-
sured.    As an administrator takes as much for the next of kin
as for creditors, it seems proper that he should be treated, in
cases of this kind, as holding for the former alone.    This must
have been contemplated by the assured, and he had the right to
direct as to the disposition of the fund.

*T. R. Baird,* on the same side.

*J. Holmes Baker* and *W. S. Chapman,* for appellees,

Filed separate briefs, relying mainly upon the same authori-
ties, and making the following points:

The proceeds of the insurance policy were not exempt under
the provisions of § 1261, code 1880.

The act of April 1, 1892, is violative of § 16, constitution
1890, in so far as it seeks to impair the rights of creditors of
W. H. Rice, deceased.    The law as it exists at the time the
debt is contracted is a part of the contract, and only such prop-
erty as is then exempt can be kept from creditors.    The policy
in this case was made payable to W. H. Rice, his executors,
administrators or assigns; therefore he was the real beneficiary.
He could have assigned it during his life, and it was not com-
petent for the legislature, after his death and after the rights
of creditors had attached, to divert the fund.    *Lessley* v. *Phipps,*
49 Miss., 790; *Johnson* v. *Fletcher,* 54 *Ib.,* 628; 4 Wheat.,
122; Wade on Retroactive Laws, pp. 2, 41, 45.

COOPER, C. J., delivered the opinion of the court.

In the year 1889, Wm. H. Rice, a resident of this state, took out a policy of insurance for the sum of two thousand dollars upon his own life, payable to himself, his executors, administrators or assigns. He died in February, 1892, in Sunflower county, and soon thereafter the appellee, Smith, was by the chancery court of that county appointed as administrator of his estate. Early in March, Smith, as such administrator, collected the amount due on the policy, the greater part of which sum yet remains in his hands. Section 1261, code 1880, is as follows: "The amount of any life insurance policy, not exceeding ten thousand dollars upon any one life, shall inure to the party or parties named as the beneficiaries thereof, freed from all liability for the debts of the person paying the premiums thereon." By a law passed on April 1, 1892, entitled, "An act to secure the heirs of deceased persons the proceeds of any life insurance policy," it was provided that, " the proceeds of any life insurance policy, to the amount of five thousand dollars, when such policy is payable to the executors or administrators of such deceased person, shall inure to the benefit of the heirs of the deceased, in the same manner as other property, which said proceeds of any such policy, to the amount of five thousand dollars, shall be exempt from all legal process for the debts of the deceased."

" SEC. 2. That the proceeds of all such policies now in the hands of executors or administrators shall inure to the benefit of the heirs of such deceased person as herein provided; but if the life of such deceased person was insured for any sum, payable to his heirs, the amount collected shall be deducted from the amount payable to his estate, so as to leave five thousand dollars only exempt as aforesaid."

In November, 1893, the appellants, who are the heirs at law of William H. Rice, exhibited their bill in this cause against Smith, the administrator, claiming that, by virtue of the code provision, the proceeds of the policy were exempt at the time

of the death of Rice; or, if mistaken in this, then that became exempt from the death of the decedent by the act of April 1, 1892. The administrator demurred to the bill, and, from a decree sustaining the demurrer and dismissing the bill, the complainants appeal.

The proceeds of the policy were not exempt under the code provision. The decedent himself was the beneficiary of the policy, and his administrator, as his representative, holds the proceeds just as the decedent would have done if the terms of the policy had been such that it should mature during his life. The code did not exempt the proceeds of the policy from the debts of the beneficiary.   *Yale* v. *McLaurin*, 66 Miss., 461.

The second section of the act of 1892 is palpably violative of § 16, constitution 1890, by which it is declared that " *ex post facto* laws, or laws impairing the obligations of contracts, shall not be passed."   *Lessley* v. *Phipps*, 49 Miss., 790; *Musgrove* v. *Railroad Co.*, 50 *Ib.*, 677; *Johnson* v. *Fletcher*, 54 *Ib.*, 628.

*Affirmed.*