Martin L. Rickerson, Respondent, *v.* The German-American Insurance Company of New York, Appellant, Impleaded with Another.

*Fire insurance policy — property covered thereby — when a question for the court.*

In an action brought to recover upon a fire insurance policy, where there is no application or allegation looking toward the reformation of the policy, the question as to the property covered thereby can only be determined by a construction of the language of the policy, and if there is no ambiguity in the terms of the policy there is no question for the jury to pass upon on the trial of such action.

Where a fire insurance policy was issued upon a brick building and additions occupied for stores and dwellings, such language cannot be construed to cover an independent building occupied almost exclusively as a factory, erected directly in the rear of the brick building occupied for stores and dwellings, where the only mode of communication between the two buildings was by crawling through a temporary frame structure from the windows of one into the windows of the other, and where the factory was a larger building than the stores and dwellings.

Appeal by the defendant, The German-American Insurance Company of New York, from a judgment of the Supreme Court in favor of the plaintiff, entered in the office of the clerk of the county of New York on the 5th day of July, 1894, upon the verdict of a jury rendered after a trial at the New York Circuit, and also from an order entered in said clerk's office on the 22d day of June, 1894, denying the defendant's motion for a new trial made upon the minutes.

*W. D. Murray*, for the appellant.

*George Richards*, for the respondent.

Van Brunt, P. J.:

This action was brought to recover upon a policy of insurance issued by the defendant to P. Samuel and J. Alexander, of which policy the plaintiff became the owner subject to the interest of a mortgagee. The dispute which has arisen between the parties to this action is as to the property insured by the said policy. There is no demand made by either party for a reformation of the policy, and the question depends, therefore, upon the construction to be

given to the terms of the policy. The question as to what the parties intended by the policy was submitted to the jury, and they having found a verdict in favor of the plaintiff, from the judgment thereupon entered and from the order denying the motion for a new trial this appeal is taken.

It does not seem to us, however, that there is any question for the jury to pass upon, as there does not seem to be any ambiguity in the terms of the policy. By the policy in question the defendants insured against loss or damage by fire "the brick building and additions, including gas, steam and water pipes, yard fixtures, railings, stoops and sidewalk in front of and all fixtures contained in or attached thereto, or under sidewalk thereof, situate No. 160 Mott street, city of New York, occupied for stores and dwelling." The lot to which the number 160 attached was about twenty-five feet wide and one hundred and seven or one hundred and eight feet deep. The front of the lot was occupied by a three-story brick building twenty-five feet by about forty-six feet deep; the first floor being occupied as a liquor store and the other floors as dwellings. On the east side was a two-story extension of about sixteen feet in depth. Upon the rear of the lot was a five-story brick factory building, having independent walls on all its four sides, being about twenty-four feet wide by thirty-seven feet deep. There was a space between the rear wall of the extension on the front building and the front wall of the rear building of about seven feet. This space was filled in by a small frame structure, three sides of which were formed by the walls of the rear building, the extension of the front building and the wall of the building on the next lot, boards being nailed up to form the front and boards being nailed down to form the roof. There was a window in the extension which looked into this small structure and a like window in the factory. The usual way of entering the rear building was through an alleyway under the front building by a wooden stoop to the first floor of the rear building and down some steps to the basement. Passage from one building to the other could only be effected by crawling through the windows which have been spoken of. The ordinary entrance to this frame building was from the yard, and it was used by the tenant of the rear building.

The question presented is whether the policy in question covered

the rear building as well as the front. It is to be observed that there is only one building insured with the additions to such building, which it is represented in the policy were occupied as stores and dwellings. It is difficult to conceive how the rear building is to be considered as an addition to the front building, there being no connection between the two; because this small frame structure cannot be considered a connection. It certainly was not intended to connect the rear building with the front building, nor was it used for any such purpose. The fact of the existence of windows in the front and rear buildings, making it possible to crawl into this frame structure, temporary in its nature, in no manner made the large brick factory an addition to the smaller building on the front.

And, furthermore, by the terms of the policy the building insured is represented as being occupied for stores and dwellings, and it is only the front building that answers this description. The rear building was used almost entirely as a factory, with a very small portion of it occupied as a store for the sale of the goods manufactured therein.

Under these circumstances it is difficult to see how, under the terms of the policy as it reads, it is possible to include this rear factory building. As has already been observed, the buildings were absolutely independent of each other and intended for different uses, and the mere fact that this frame structure adjoined each building could in no way make the rear building an addition to the front building any more than it could make the front building an addition to the rear. The ordinary signification of the word "addition" seems to be something added to. But these buildings are entirely disconnected and do not seem to have been intended to have any connection with each other as buildings, and the addition moreover would seem to be of greater magnitude than that to which it is added.

It is undoubtedly true that the large amount of insurance which was obtained would seem to indicate an intention upon the part of the owner to have insured all the buildings that were situated upon this lot, and if there was any mutual mistake between the parties in that respect it would have been necessary to reform the policy in order that it might cover all these structures. But there being no application or allegation looking towards such reformation, we can

only construe the language of the policy as we find it. Applying the ordinary significance of language to the terms contained in this policy which was issued upon a brick building and additions occupied for stores and dwellings, we cannot make such language cover another and independent building occupied almost exclusively for the purpose of a factory.

Under all the circumstances of the case it seems to us that there was no question for the jury to pass upon, but that under the interpretation of the language of the policy the rear building was excluded.

The judgment appealed from must, therefore, be reversed and a new trial ordered, with costs to the appellant to abide the event.

FOLLETT and PARKER, JJ., concurred.