J. B. TATE, Respondent and Appellant, v. JASPER COUNTY FARMERS' MUTUAL INSURANCE COMPANY, Appellant and Respondent.

**Kansas City Court of Appeals, November 16, 1908.**

1.  **INSURANCE: Application: Policy: Construction.** Though there is a substantial variance in the description of the insured property in the policy and in the application and it is agreed that they are both a part and parcel of the same contract, yet as the policy described the property intended to be insured it should control, since the recitals in an application cannot be invoked to contradict the contract contained in the policy.

2.  ————: **Description: Dwelling: Addition.** A detached building used as part of a main dwelling will be covered by a policy under the description of "an addition."

3.  ————: ————: ————: ————: **Contents.** The policy insured the dwelling and an addition and the "contents of the dwelling." *Held*, it did not cover the contents of the addition.

Appeal from Jasper Circuit Court.—*Hon. Howard Gray*, Judge.

AFFIRMED.

*McReynolds & Halliburton* for respondent and appellant.

(1)  Where the terms of an insurance policy will bear two interpretations, that one will be adopted which sustains the claim for indemnity.  Insurance Co. v. Hoffman, 31 Ill. App. 295, affirmed 132 Ill. 522, 24 N. E. 413; Goodwin v. Assur. Soc., 97 Iowa 226, 32 L. R. A. 473; Phoenix Insurance Co. v. Barnd., 16 Neb. 80, 20 N. W. 105; Western & Atlantic Pipe Lines v. Insurance

Co., 145 Pa. 346, 27 Am. St. Rep. 703; Miller v. Citizens Fire Marine & Life Insurance Co., 12 W. Va. 116; Hale v. Insurance Co., 46 Mo. App. 508. (2) A building used in connection with main building although not joined thereto is included in the term addition, and is a part of the dwelling house, and the term contents of dwelling house will cover contents of such building where used in connection with and as a part of same. (a) A policy covering a planing mill and addition held to cover an engine room twenty feet away and connected only by shaft and spout. Insurance Co. v. Roe, 71 Wis. 33. (b) Building and shed formerly connected, but afterwards separated by three-foot platform, held policy covered shed. Goss et al. v. Insurance Co., 92 Wis. 656; Cargill v. Insurance Co., 33 Minn. 90; Pettit v. Insurance Co., 41 Minn. 299; Insurance Co. v. Martin, 16 South. 417; Workman v. Insurance Co., 2 La. 507, 22 Am. Dec. 141; Monteleone v. Insurance Co., 47 La. 1563, 18 South. 472, 56 L. R. A. 784; Hannan v. Insurance Co., 81 Mich. 556, 45 N. W. 1120, 9 L. R. A. 127; Same v. Insurance Co., 81 Mich. 561, 45 N. W. 1122; Garrison v. Insurance Co., 56 N. J. Law (27 Vroom) 235, 28 Atl. 8; Liebenstein v. Insurance Co., 45 Ill. 301; Bigler v. Insurance Co., 20 Barb. 635; Meadowcraft v. Insurance Co., 61 Pa. St. 91; Insurance Co. v. Lewis, 18 Ill. 553; Blake v. Insurance Co., 12 Gray 265; Insurance Co. v. Merritt, 47 Ala. 387; Olson v. Insurance Co., 35 Minn. 432, 29 N. W. 125; Robinson v. Insurance Co., 87 Me. 399, 32 Atl. 996, 25 Ins. L. J. 56. See also "Description;" Insurance Co. v. Hellerick (Ky.), 49 S. W. 1066, 20 Ky. L. Rep. 1703; Rickerson v. Insurance Co., 85 Hun 266, 32 N. Y. Supp. 1026, 6 App. Div. 550; Insurance Co. v. Martin (Miss.), 16 So. 417, 24 Ins. L. J. 319; Insurance Co. v. Roe, 71 Wis. 33, 36 N. W. 594; Allen v. Insurance Co., 34 La. Ann. 763; Cummins v. Insurance Co., 197 Pa. St. 62, 46 Atl. 902; Maisel v. Fire Assoc., 59 App. Div. 461, 69 N. Y. Supp.

181; Marsh v. Insurance Co., 70 N. H. 590, 49 Atl. 88; Marsh v. Insurance Co., 71 N. H. 253, 51 Atl. 898.

*Joe D. Harris* and *H. L. Shannon* for appellant and respondent.

(1) The application contains a specific description of the addition to the main building, and the summer kitchen and building over the cellar do not correspond to said description, therefore they are not covered by the policy of insurance. 16 Am. & Eng. Enc. of Law (2 Ed.), p. 867. (2) Plaintiff introduced evidence tending to show that he signed a blank application for insurance and returned the same to the secretary of the company and that afterwards the blanks were filled in, while defendant's evidence was to the effect that the application was signed by plaintiff after the blanks had been filled in. It makes little difference which contention is correct, as plaintiff would be bound in either case. 2 Am. & Eng. of Law (2 Ed.), p. 253.

BROADDUS, P. J.—This is a suit on a policy of insurance issued by defendant on the 22nd day of June, 1905, whereby defendant insured the plaintiff against loss by fire on the following property; "Dwelling and addition . . . in the sum of thirteen hundred dollars, and upon the contents of said dwelling in the sum of twelve hundred dollars." On February 10, 1906, a structure, claimed to be an addition to said building, was destroyed by fire with the goods and contents therein, and the main building was damaged. The defense is, that plaintiff made application on property described as follows, towit; "Frame dwelling, 16x38 feet, one and one-half stories, age fourteen years, frame addition, 18x38, one story, age fourteen years; one porch." And that by the constitution and by-laws of the organization of which plaintiff is a member, the said application became a part of the contract of insurance. The plaintiff

replied to the effect, that the only application he ever made for such insurance was in blank and that, if there was any written description inserted therein, it was the act of the defendant.

The testimony tends to show that there was a structure close to the main building that was used in connection with it and in which were kept family stores and other things used for family purposes, but not directly attached to such main building. The application, signed by plaintiff, was introduced by defendant, in which the description of the property coincides with the statement in defendant's answer. Plaintiff's evidence was that he signed it in blank, while that of defendant was that the description was inserted upon information given by plaintiff. Under the by-laws of the company, such applications are made a part of the contract of insurance. There is also a by-law that provides that, "Insurance on property encumbered by mortgage, deed of trust, or mechanic's lien, shall be payable, in case of loss, to the person or persons holding such encumbrances unless the owner give security that he will use the money to rebuild or repair loss or damages. It appeared that a third party had a mortgage on the property.

The court permitted plaintiff to recover for the destruction of the detached structure and for damage to the main building, but would not permit him to recover for the contents of the so-claimed addition. The defendant appealed and the plaintiff appealed from the action of the court in refusing him judgment for the value of the contents of the detached building. The only questions raised by the defendant's answer are, that it did not insure such addition to the main building as described in the written policy; and that the building destroyed was not an addition to the main building. To these two questions we will confine our

examination and decision although defendant has raised other questions outside of the issues.

There is a substantial variance in the description in the policy and that contained in the application, and yet under the by-laws in question both are made a part and parcel of the same contract. They were, however, executed at different times. The policy was the last executed and was delivered by the company to plaintiff, who accepted it as written. It was prepared by defendant's secretary who had previously filled out the blank application. As it described plaintiff's property he intended to insure, we think it should control. The recitations in an application cannot be invoked for the purpose of contradicting the terms of the contract as contained in the policy.

Was the detached building, although used as a part of the main dwelling, an addition within the description of the policy? The question is answered in the affirmative by numerous decisions of which the following are a part: Insurance Co. v. Martin (Miss.), 16 S. R. 417; Robinson v. Insurance Co. (Me.), 32 Atl. 996; Pettit v. Insurance Co., 41 Minn. 299.

The contention of the plaintiff that the court committed error in not allowing him a judgment for the contents destroyed in the addition, we think is not sustained. The policy insures "dwelling and addition" and "contents of dwelling." If it had been the intention to insure the contents of the addition, the policy should have read, "dwelling, addition and contents," etc. There is no doubt about the meaning.

The cause is affirmed on both appeals. All concur.