SHEPARD v. GERMANIA FIRE INSURANCE CO.

INSURANCE — FIRE INSURANCE — CONSTRUCTION OF CONTRACTS — PROPERTY COVERED BY POLICY.

Under a policy of fire insurance which described the property insured as a one-story brick building and its additions adjoining and communicating with the foundations, which was executed in compliance with the request of the insured to include in the policy a wooden building connected with the brick structure by a covered passageway eight feet in length, the parties canceling a previous policy that covered only the brick building, plaintiff was entitled to recover for damages by fire to the wooden building, which was the only addition to which the terms of the contract would apply.

Error to Clinton; Searl, J.   Submitted October 24, 1910.   (Docket No. 96.)   Decided March 31, 1911.

Assumpsit by Laura L. Shepard against the Germania Fire Insurance Company on a policy of insurance.   Judgment for plaintiff.   Defendant brings error.   Affirmed.

*Wilkinson & Younglove* and *Walbridge & Kelley*, for appellant.

*Lyon & Moinet*, for appellee.

BIRD, J.   Plaintiff instituted this suit to recover for a loss which she suffered by fire to certain business property which she owned in the village of Ovid.   She had judgment in the trial court, and the defendant brings the case to this court by writ of error.

The plaintiff was the owner of two brick stores facing the east, on Main street, in the village of Ovid.   The north one was occupied as the post office, and the south one as a restaurant.   At the rear of the stores, and from five to eight feet distant, was a two-story wooden structure extending nearly the entire width of the stores.   The wooden building was connected with the store occupied as a restaurant by an inclosed passageway and was used in connection with it.   The brick oven used by the bakery was situate in the rear part of the wooden building.   A short time prior to the issuance of the policy, the wooden structure occupied the place where the post office now stands. It was moved to the rear, and the brick stores were erected in the summer of 1906.   In the autumn of that year, when the improvements were nearing completion, plaintiff, being desirous of obtaining some insurance thereon, applied to her husband who was the local agent for the defendant.   He wrote and delivered to her a Michigan standard policy, describing the property as "the one-story brick building located on the west side of Main street," etc. Plaintiff, upon learning that the policy did not cover the wooden building, informed her husband that a local agent

had agreed to insure the buildings as an entirety, and that she preferred to have it done in that way. The husband expressed some doubt of his authority to make the policy cover both buildings and suggested that the matter rest until he could communicate with the State agent. Subsequently Mr. Spice, the State agent, came and inspected the property, and, after doing so, he canceled the policy which had been written by the husband and drew up the policy in question, describing the property as "the one-story brick, metal $^{and}/^{or}$ composition roof building, and its additions adjoining and communicating with their foundations." The policy gave "permission to make ordinary alterations, additions, and repairs, without notice, until required." Later a fire occurred, which damaged both the brick and wooden buildings. Defendant refused to pay the loss on the wooden building on the ground that it was not included in the description of the property insured. Suit was brought on the policy and plaintiff recovered a judgment for the damage to both buildings.

The trial court admitted parol proof of the conversations between the plaintiff and her husband, and her husband and the State agent, with reference to the issuing of the policies, and instructed the jury that if plaintiff was misled, by these conversations and the acts of defendant, into believing that the policy in question covered the wooden building, and she relied upon it, the defendant would be estopped to deny that it was so covered. The defendant assigns error upon the admission of this testimony and also on this charge of the trial court.

The plaintiff contended, in the trial court and in this court, that the jury ought to have been instructed, as a matter of law, that the wooden building was covered by the terms of the policy. If plaintiff is right in this contention, it disposes of the defendant's assignments of error. Therefore we will first consider that question.

When the words of description contained in the policy are read in connection with the undisputed testimony, with reference to the location, the surroundings, the own-

ership, and the use made of the property, we have no hesitancy in holding, as a matter of law, that the wooden building was included within the terms of the policy.

The record shows that both brick and wooden buildings were owned by plaintiff; that the wooden building was not to exceed eight feet distant from the brick building; that it was used in connection with the restaurant in the brick building; and that it was connected by a walk, and before the fire it was made into an inclosed passageway. The words of the description contained in the first policy made it very clear that it applied only to the brick building. Soon after its issue, Mr. Spice, the State agent of defendant, came and inspected the property, and, after so inspecting and conferring with the local agent, he canceled the first policy and wrote the one sued upon, in which the words of description are substantially in the language of the first policy with the addition of the words, "and its additions adjoining and communicating with the foundations." The evident intent in changing and adding to the description was to include something which was omitted in the first policy. The word "additions" was intended to have some significance, and there was no other building to which it could apply save the wooden building. Unless we say it applied to the wooden building, we are obliged to say that it meant nothing. If we are to adopt defendant's view, we would be obliged to say that both descriptions should be given the same construction, notwithstanding they read differently. If the change in description had been made by an inexperienced local agent, we might have more misgiving about the intent in making the change; but when the State agent, with nearly 30 years of experience behind him in the insurance world, comes and looks this property over and changes the description so as to include the word "additions," we are in duty bound to say that it was done to include something that was not included in the first policy, and that that something was the wooden building.

The case of *Guthrie Laundry Co.* v. *Assurance Co.,*

17 Okl. 571 (87 Pac. 649), is very similar to the one under consideration.   The insured property was described as a two-story basement and brick building, with metal roof and its additions adjoining and communicating, including foundations, occupied as a steam laundry.   A boiler house, four feet distant, was connected with the main building by a steam pipe and by a partially completed platform and overhead arch between the buildings and a sidewalk along the side.   It was held that the policy included the boiler house.   For similar interpretations, see *Marsh* v. *Insurance Co.*, 71 N. H. 253 (51 Atl. 898); *Phenix Ins. Co.* v. *Martin* (Miss.), 16 South. 417; *Marsh* v. *Insurance Co.*, 70 N. H. 590 (49 Atl. 88); *Pettit* v. *Insurance Co.*, 41 Minn. 299 (43 N. W. 378); *Grass* v. *Insurance Co.*, 92 Wis. 656 (66 N. W. 712).

We are of the opinion that the plaintiff was entitled to an instruction in accordance with his contention.   Under this view of the case, the admission of the testimony complained of and the submission to the jury of the question of estoppel are of no importance.

The case is affirmed.

HOOKER, MOORE, and STONE, JJ., concurred with BIRD, J.

OSTRANDER, C. J.   I think the terms of policy, interpreted in the light of the undisputed testimony concerning the situation of the property at the time the policy was issued, included both the brick and the frame structures. I therefore concur in affirming the judgment.