GLOBE AND RUTGERS FIRE INSURANCE COMPANY *v* HAMILTON.

[No. 9,313. Filed June 21, 1917. Rehearing denied November 2, 1917.]

1. APPEAL.—*Briefs.*—*Waiver of Error.*—Assignments of error not presented in appellant's briefs are waived. p. 543.

2. INSURANCE.—*Fire Insurance.*—*Knowledge of Agent.*—*Imputation to Company.*—One who acts for an insurance company in procuring insurance, collecting premiums, inspecting risks, etc., is its agent, and his acts and knowledge relating to property insured at the time a policy is executed are imputed to the company. p. 545.

3. CONTRACTS.—*Written.*—*Construction.*—*Parol Evidence.*—*Admissibility.*—*Intent.*—Although parol evidence is not admissible to change or modify a contract in writing, such testimony may be admitted to enable the court to properly apply a written contract to the subject-matter, and, in case of ambiguity, to remove the uncertainty. p. 545.

4. CONTRACTS.—*Written.*—*Construction.*—*Parol Evidence.*—*Admissibility.*—*Ambiguity.*—Where the language employed in a contract is ambiguous or subject to variations in meaning depending upon circumstances and conditions, or the relation in

which it was used, parol testimony may be received to inform the court of the conditions out of which the contract arose, so that it may be enabled to more accurately ascertain the intent and meaning of the parties as evidenced by their contract. p. 546.

5. CONTRACTS.— *Written.*— *Construction.*— Such a construction of a written contract will be adopted, if possible, as will make it effectual to carry out the intention of the parties as gathered from the whole instrument. p. 546.

6. INSURANCE.— *Contract.*— *Construction.*— As insurance contracts are usually prepared by the insurer, the courts interpret them liberally in favor of the insured, so that the evident intention existing at the time the insurance was obtained may not be thwarted by a narrow or technical construction of the language employed. p. 546.

7. INSURANCE.—*Policy.*—*Construction.*—*"Addition."*—The word "addition," as applied to buildings, usually means a part added, or joined, to a main building, but in construing the term as used in insurance contracts, the use made of buildings more or less closely situated, their relative location, accessibility, and adaptability to some common end are factors which must be considered, and the designation "addition" may be applied to buildings appurtenant to some other building though not actually in physical contact therewith. p. 548.

8. INSURANCE.—*Fire Insurance.*—*Policy.*—*Construction.*—*Property Covered.*—*Addition.*—Where a fire policy insured household furniture "while contained in the one and one-half-story frame, with shingle roof, dwelling house and additions," it covered furniture stored in an outbuilding situated on the rear of the lot and connected with the house by a cement walk, the word "additions," as used in the policy, meaning any and all buildings on the premises used by the insured in maintaining his home by storing or using his furniture and household effects therein. p. 549.

9. APPEAL.—*Record.*—*Review.*—The court on appeal will not search the record to reverse a judgment, though it may do so to affirm. p. 549.

10. APPEAL.— *Briefs.*— *Questions Presented.*— Mere abstract propositions of law, stated under points and authorities in appellant's brief, though correct in principle, are not sufficient to present reversible error. p. 549.

From Putnam Circuit Court; *James P. Hughes,* Judge.

Action by Fay S. Hamilton against the Globe and

Rutgers Fire Insurance Company.   From a judgment for plaintiff, the defendant appeals.   *Affirmed.*

*William J. Henley, Harry A. Fenton* and *Jackiel W. Joseph,* for appellant.

*Silas A. Hays, Mat. J. Murphy* and *Fay S. Hamilton,* for appellee.

FELT, J.—This is an action by appellee against appellant on a fire insurance policy.   The complaint in one paragraph was answered by a general denial, and by a second paragraph of special answer, to which appellee filed a reply in two paragraphs.   A trial by jury resulted in a general verdict for appellee in the sum of $100.

With the general verdict the jury returned answers to certain interrogatories.   The court overruled appellant's motion for judgment on the answers to the interrogatories, and for a new trial, and rendered judgment on the general verdict, from which appellant appealed and has assigned errors as follows:   (1) Overruling its motion to require appellee to make his complaint more specific; (2) overruling the demurrer to the complaint; (3) overruling appellant's demurrer to appellee's reply to appellant's second paragraph of answer; (4) overruling appellant's motion for judgment in its favor on the answers to the interrogatories; (5) overruling the motion for a new trial.   By failing to present them in its brief, appellant has waived the first and second assignments.

Omitting formal averments, the complaint in substance charges that appellant, in consideration of $4, insured appellee against loss or damage by fire to the amount of $500 on household furniture, etc., "while contained in the one and one-half story frame, with shingle roof, dwelling house and additions, * * * situated at No. 6 Park street in the city of Greencastle, Ind.";

that on July 23, 1914, while said insurance was in full force and effect, plaintiff sustained a direct loss and damage by fire to said property in the sum of $500. A copy of the policy is made part of the complaint by exhibit.

The second paragraph of answer alleges in substance that the property of plaintiff insured by defendant under the policy made a part of the complaint has not been burned, damaged, or destroyed by fire since the date of the execution of said policy, while contained in the dwelling therein described.

The second paragraph of reply to defendant's second paragraph of answer alleges in substance that the residence described in the policy issued to plaintiff, Hamilton, by defendant, consisted of a story and a half frame building and a one-story frame outbuilding appurtenant thereto and connected therewith by cement walk and a solid board fence; that plaintiff's household articles at and prior to the issuance of the aforesaid policy were located in and used by him in and about said residence, all of which facts were then and there known to the defendant company's agent, to whom plaintiff applied for said insurance; that said agent then and there intended such policy to include and represented to plaintiff that it did include and cover all of his household furniture and personal property located in said residence, including said outbuilding or addition appurtenant thereto; that plaintiff relied upon the statement and representations of the aforesaid agent, and accepted said policy and paid the premium required therefor; that defendant at all times knew plaintiff and its said agent understood that said policy included and covered plaintiff's said property in the aforesaid dwelling, including said outbuilding or addition appurtenant thereto and connected therewith; that plaintiff and said agent intended the description of said personal property in

said policy to cover and include the household goods of plaintiff while so located in said dwelling and addition or outbuilding aforesaid, and believed that such description did so include said personal property.

The policy in question was procured by appellee from one John W. Cooper, who was appellant's local agent at Greencastle, Indiana. He testified that he 2. was acquainted with the buildings of appellee, occupied by him as a home; that when appellee applied for insurance on his household goods he inspected the buildings and considered his household goods; that he prepared the policy by using a form supplied him by appellant's state agent; that he made and wrote in the policy the description of the property, collected the premium from appellee, and delivered to him the policy. A person so acting for an insurance company is its agent, and his acts and knowledge relating to the property insured at the time the policy was executed are imputed to the company. *Indiana Ins. Co.* v. *Hartwell* (1890), 123 Ind. 177, 192, 193, 24 N. E. 100; *Humboldt Fire Ins. Co.* v. *Ashby* (1914), 57 Ind. App. 682, 687, 108 N. E. 150; *Western Ins. Co.* v. *Ashby* (1913), 53 Ind. App. 518, 523, 102 N. E. 45; *German Fire Ins. Co.* v. *Greenwald* (1912), 51 Ind. App. 469, 472, 99 N. E. 1011.

Where a contract is in writing, parol evidence is not admissible to change or modify it, but such testimony may be admitted to enable the court to properly 3. apply the contract to the subject-matter, and, in case of ambiguity, to remove the uncertainty. This rule is invoked to enable the court to ascertain the facts and circumstances as they existed at the time the contract was entered into and to thereby place itself as nearly as possible in the position of the parties whose contract is to be interpreted. *Ransdel* v. *Moore*

(1899), 153 Ind. 393, 407, 53 N. E. 767, 53 L. R. A. 753; *Doney* v. *Laughlin* (1911), 50 Ind. App. 38, 45, 94 N. E. 1027; *Howard* v. *Adkins* (1906), 167 Ind. 184, 188, 78 N. E. 665.

Where the language employed is ambiguous or subject to variations in meaning depending upon circumstances and conditions, or the relation in which it was used, parol testimony may be received to inform the court of the conditions out of which the contract arose, thereby enabling it to more accurately ascertain the intent and meaning of the parties as evidenced by their contract. *Driscoll* v. *Penrod* (1911), 176 Ind. 19, ·23, 95 N. E. 313; *Reed* v. *Insurance Co.* (1877), 95 U. S. 23, 24 L. Ed. 348; *Warner* v. *Marshall* (1905), 166 Ind. 88, 114, 75 N. E. 582. The court will, if possible, adopt such construction of a written contract as will make it effectual, rather than ineffectual, to carry out the intentions of the parties as gathered from the whole instrument. *Driscoll* v. *Penrod, supra*.

Insurance contracts are usually prepared by the insurer, and courts therefore give them a liberal interpretation in favor of the insured to the end that the evident intention existing at the time the insurance was taken out may not be thwarted by a narrow or technical interpretation of the language employed. *Metropolitan Life Ins. Co.* v. *Johnson* (1911), 49 Ind. App. 233, 242, 94 N. E. 785; *Iowa Life Ins. Co.* v. *Haughton* (1910), 46 Ind. App. 467, 476, 87 N. E. 702; *Glens Falls Ins. Co.* v. *Michael* (1906), 167 Ind. 659, 666, 74 N. E. 964, 79 N. E. 905, 8 L. R. A. (N. S.) 708; *Havens* v. *Home Ins. Co.* (1887), 111 Ind. 90, 92, 12 N. E. 137, 60 Am. Rep. 689.

The principal controversy in this appeal arises over the question whether appellee's household goods destroyed by fire were covered by his policy which insured

them "while contained in the one and one-half story frame, with shingle roof, dwelling and additions situate at No. 6 Park street."

It appears without controversy, and in part by answers of the jury to the interrogatories, that a part of appellee's house was one and one-half stories high, and that the rear portion was one story high; that in the rear of such house, and about fifteen feet distant from the rear porch thereof, on the same lot, there was a frame outbuilding ten by twenty-eight feet, divided into three rooms; that such building came out to the line of an alley running along the side of said residence, and that a solid board fence was attached thereto and ran back along the alley to the main house; that a cement walk ran from the house to such outbuilding, which was entered from the walk by a door; that the room in said building nearest the main house, when the insurance was written and at the time of the fire, was used as a storage room for household effects and furniture; that at the time of the fire personal property of appellee to the value of $70.75 was stored in such outbuilding and destroyed by the fire; that the damage to appellee's goods in the main building amounted to $29.25.

Appellant contends that the insurance contract is evidenced only by the policy and that it cannot reasonably be so construed as to cover goods situate in the aforementioned outbuilding; that the policy cannot be changed or modified by parol proof. Appellee contends that the local agent inspected the premises before he wrote the insurance, and that both parties intended the description, referring to the property while in the house and additions thereto, to cover such property while in either the main building or in such outbuilding; that said outbuilding was in fact used as a portion of appellee's residence and was known to both parties to be so used when the insurance was applied for and the

policy written; that for the purpose of such contract the phrase "and additions," included, and was by the parties intended to include, the aforesaid outbuilding.

The contentions of appellant are in the main correct as abstract propositions of law. But under the general rules of construction above set out we must ascertain whether the language used in describing the property may reasonably be construed to cover the same while in said outbuilding without violating the rules of law applicable to written contracts. The word "addition," as applied to buildings, usually means a part added, or joined, to a main building, but such is not the exclusive meaning of the word. In insurance contracts, and in other written instruments, the use made of buildings more or less closely situated, their relative location, accessibility, and adaptability to some common end enters into the question, and from this it follows that in a limited sense each case must be determined from its own peculiar facts. The words "addition" or "additions" may and often do apply to buildings appurtenant to some other building though not actually in physical contact therewith. *Shepard* v. *Germania Fire Ins. Co.* (1911), 165 Mich. 172, 130 N. W. 626, 33 L. R. A. (N. S.) 156, notes; *Phenix Ins. Co.* v. *Martin* (1894), 16 South. 417; *Robinson* v. *Pennsylvania Ins. Co.* (1895), 87 Me. 399, 32 Atl. 996; *Tate* v. *Jasper County, etc., Ins. Co.* (1908), 133 Mo. App. 584, 113 S. W. 659; *Ideal Pump & Mfg. Co.* v. *American, etc., Ins. Co.* (1912), 167 Mo. App. 566, 152 S. W. 408; *Cargill* v. *Millers, etc., Ins. Co.* (1885), 33 Minn. 90, 22 N. W. 6; *Marsh* v. *Concord, etc., Ins. Co.* (1902), 71 N. H. 253, 51 Atl. 898, 899; *Georgia Home Ins. Co.* v. *Mayfield Planing Mills* (1909) (Ky.), 119 S. W. 1190; *Home Mut. Ins. Co.* v. *Roe* (1888), 71 Wis. 33, 36 N. W. 594; *Pettit* v. *State Ins. Co.* (1889), 41 Minn. 299, 43 N. W. 378; *North British, etc., Ins. Co.* v. *Tye*

(1907) 1 Ga. App. 380, 58 S. E. 110, 113; *Rickerson* v. *German, etc., Ins. Co. of New York* (1895), 85 Hun 266, 32 N. Y. Supp. 1026; *Workman* v. *Insurance Co.* (1830), 2 La. 519, 22 Am. Dec. 141, 143; *Updike* v. *Skillman* (1858), 27 N. J. Law 131; 1 C. J. 1190, and cases cited; 2 Joyce, Insurance (2d ed.) §§1739, 1744.

Applying the foregoing principles to the case at bar, and viewing the policy in the light of the knowledge of the parties of the location of the outbuilding and the use made of it by appellee and the circumstances under which the policy was written and delivered, we hold that the word "additions," as used in the policy in suit, meant and was intended to mean any and all buildings on the premises used by appellee in maintaining his home, by storing or using his furniture and household effects therein, including the outbuilding in which the main portion of the goods destroyed by fire was located as above indicated.

We are inclined to the view that the second paragraph of answer was only an argumentative general denial to which an affirmative reply could not properly be addressed. But assuming, without deciding, that the answer is sufficient as the parties seem to have treated it, we hold that the court did not err in overruling the demurrer of appellant to appellee's special reply to the second paragraph of answer.

The same proposition runs through all the questions presented by the briefs on the motion for a new trial and the answers to interrogatories, and having determined it adversely to appellant's contentions, it is unnecessary to consider the other questions in detail. The court will not search the record to reverse a judgment, though it may do so to affirm.

Mere abstract propositions of law, stated under points and authorities, though correct in principle, are not sufficient to present reversible

error. *Chicago, etc., R. Co.* v. *Dinius* (1913), 180 Ind. 596, 627, 103 N. E. 652. Appellant was deprived of no substantial right, and the trial court committed no reversible error by any of the rulings of which appellant complains. Judgment affirmed.

NOTE.—Reported in 116 N. E. 597. Insurance: admissibility of parol evidence to modify insurance contract, Ann. Cas. 1914C 59; construction of fire policies, 132 Am. St. 438, 19 Cyc 656; construction of term "additions" in fire policies, 8 Ann. Cas. 94, 10 Ann. Cas. 938, 19 Cyc 665.