## Seeds *v.* Royal Insurance Company et al.

*Insurance policies—Construction—Additions and betterments.*

In an action to recover on an insurance policy which insured a brick building "with additions and extensions thereto," an affidavit of defense is insufficient, which merely alleges that the insurance applied only to a certain building and not to an addition, which although detached, was connected by a continuous brick wall and used in conjunction with the main building.

The meaning of the word "addition" in an insurance policy as applied to buildings more or less closely situated, their relative location, accessibility, and adaptability to some common end, enters into the question, and from this it follows that, in a limited sense, each case must be determined from its own particular facts. The word "addition" or "additions" may often apply to buildings appurtenant to some other building though not actually in physical contact therewith.

A building appurtenant to the main building, having one wall in common and separated only by a short space, must be held to be covered by the word "additions" in the insurance policy.

Argued October 4, 1920. Appeal, No. 108, Oct. T., 1920, by defendant, from judgment of Municipal Court of Philadelphia, Sept. T., 1919, No. 477, in favor of plaintiff for want of a sufficient affidavit of defense in the case of Joseph R. Seeds v. Royal Insurance Company, Limited. Before ORLADY, P. J., PORTER, HENDERSON, HEAD, TREXLER, KELLER and LINN, JJ. Affirmed.

Assumpsit on policy of insurance. Before BARTLETT, J.

Rule for judgment for want of a sufficient affidavit of defense.

The court made absolute the rule and entered judgment in favor of the plaintiff for want of a sufficient affidavit of defense. Defendant appealed.

*Error assigned* was the order of the court.

*Horace Michener Schell,* for appellant, cited: Liebenstein v. Ætna Insurance Company, 45 Ill. 303; Arlington Mfg. Co. v. Norwich Union Fire Ins. Co., 107 Fed. Rep. 662; Ellmaker v. Franklin Fire Ins. Co., 5 Pa. 183; Acione v. Commercial Union Assurance Co., 169 N. Y. Supp. 908; Lycoming County Insurance Co. v. Updegraff, 40 Pa. 311; Rickerson v. German American Insurance Co., 32 N. Y. Supp. 1026; Evanston Golf Club v. Home Ins. Co., 95 S. W. Rep. 980.

*A. W. Horton,* for appellee, cited: McKeesport M. Co. v. Ben Franklin Ins. Co., 173 Pa. 53; The Western Ins. Co. v. Cropper, 32 Pa. 351; Franklin Fire Ins. Co. v. Updegraff, 43 Pa. 350; Workman v. Ins. Co., 2 Louisiana 507; Carpenter v. Allemannia Fire Ins. Co., 156 Pa. 37; Cummins v. German Am. Ins. Co., 197 Pa. 61; Glober & Rutgers Fire Ins. Co. v. Hamilton, 116 N. E. 597; Joyce on Insurance, sections 1739-1744.

OPINION BY TREXLER, J., March 5, 1921:

The court entered judgment for want of a sufficient affidavit of defense. There is but one question properly before us and our inquiry in regard to it is confined to the statement and answer. We emphasize this for there are some matters contained in the appellants' paperbook which are not a part of the record.

The plaintiff claims under a fire insurance policy. The premises insured are described as a brick building with additions and extensions thereto......while occupied only as a store and dwelling situate No. 4236 Germantown avenue, Philadelphia, Pa. The affidavit of defense states that the insurance applied only to a build-

ing fronting on Germantown avenue, known as No. 4236; that there was a party wall extending practically the entire depth of said lot but that the loss occurred in a two-story brick building which was erected on the rear of the lot and fronting on a fifteen-foot wide street. It further alleges that the two buildings are not connected in any way or manner whatsoever, and that the party wall does not constitute a connection between the two buildings.

We are therefore confronted with the question whether the words "additions" and "extensions" cover only such buildings as are incorporated and physically attached to the main building. If the terms "additions" or "extensions" applied to those existing at the time of the policy, it would seem they were mere surplusage for a description of the premises would necessarily include them. We do not think that the word "addition" is equivalent to the words "additions attached." The meaning of the word "addition" in an insurance policy as applied to buildings more or less closely situated, their relative location, accessibility, and adaptability to some common end, enters into the question, and from this it follows that, in a limited sense each case must be determined from its own peculiar facts. The words "addition," or "additions" may and often do apply to buildings appurtenant to some other building, though not actually in physical contact therewith: Globe & Rutgers Fire Ins. Co. v. Hamilton, 116 N. E. 597; Shepard v. German Fire Ins. Co., 165 Mich. 172, 130 N. W. 626, 33 L. P. A. (N. S.) 156, notes; Phœnix Ins. Co. v. Martin (Miss.), 16 South. 417; Robinson v. Penn. Ins. Co., 87 Me. 399, 32 Atl. 996; Tate v. Jasper Co., etc., Ins. Co., 133 Mo. App. 584, 113 S. W. 659; Ideal Pump & Mfg. Co. v. Amer. Ins. Co., 167 Mo. App. 566, 152 S. W. 408; Cargill v. Millers', etc., Ins. Co., 33 Minn. 90, 22 N. W. 6; Marsh v. Concord Mut. Fire Ins. Co., 71 N. H. 253, 51 Atl. 898, 899; Updike v. Skillman, 27 N. J. Law 131; 1 C. J., p. 1190, and cases cited in note 2 Joyce on

Insurance, 1739-1744. Unfortunately for the defendant it does not in its affidavit of defense state the facts with particularity which would show that this building on the rear of the lot is separate and distinct from that on the front. For all we know the intervening space between the buildings may be but a few inches. It would certainly not be held that a building appurtenant to the main building and separated merely by a short space would not be covered by the words "additions." This being so, the affidavit of defense is insufficient and the court was right in entering judgment.

Judgment affirmed.