## Henry Clay Fire Insurance Company v. Crider.

(Decided March 25, 1921.)

### Appeal from Caldwell Circuit Court.

1. Insurance—Insurance of Property.—A provision in a tornado policy reading: "$500 on a frame, metal roofed barn and sheds, occupied as a cow barn, including foundations and additions, . . . " covers a silo located two feet from the barn and structurally connected therewith.

2. Insurance—Insurance Upon Property—Construction of Policy.— Where it is clear the parties to an insurance contract had in mind something more than the building specifically named therein, and there is no other structure to which the term "addition" in the policy can be applied, it will be construed to cover a silo erected within two feet of the barn and connected therewith by a covered chute.

ED. C. O'REAR, J. B. ADAMSON and J. ELLIOTT BAKER for appellant.

JOHN C. GATES for appellee.

OPINION OF THE COURT BY JUDGE QUIN—Affirming.

A silo located two feet from a barn and structurally connected therewith is an "addition" within the meaning of a clause in a tornado policy reading:

"$500.00 on a frame, metal roofed barn and sheds, occupièd as a cow barn, including foundations and additions . . ."

The judgment appealed from so held and with this conclusion we agree.

Appellee operates a dairy and creamery at Fredonia, in Caldwell county. To the cow barn, a two-story structure, was attached a one-story shed ten or twelve feet high. The silo, eighteen feet in diameter and forty-five feet high, was connected with this shed by a covered chute. This chute was four feet wide and from ten to twelve feet high. The roof of the barn was attached to the silo.

The silage was thrown from the silo to a truck located in this chute and thence conveyed to the cows occupying stalls on each side of the barn. Thus the barn, the shed and the silo formed one connected structure. Silage is a comparatively modern food for stock, the silo taking the place of the old crib, bran bin, or feed room.

The policy covered "the barn and sheds, including foundations and additions," terms certainly of sufficient breadth and scope of meaning and description to embrace a silo, located, attached and used as was the one in the present instance. Appellant's agent was acquainted with the property and had seen the buildings before the policy was issued. The silo was blown over in a storm and appellee sustained damage in a sum greatly exceeding the face of the policy.

According to Webster's New International Dictionary an addition is:

"A part added to a building, either by being built so as to form one architectural whole with it, or by being joined with it in some way, as by a passage, and used so that one is a necessary adjunct or appurtenance of the other, or so that both constitute in use and purpose one and the same building."

Where not inconsistent with other parts of the contract nor incompatible with the surrounding facts and circumstances a policy contract will be so construed as to give effect to every word used therein. The property insured embraces the barn, shed, foundations and additions. It is clear the parties had in mind something more than the barn and shed, and where, as here, there is no other structure to which the term "adition" can be applied it will be construed to cover the silo. This is

especially true when we consider the use and purpose of the silo and its location with reference to the barn or shed.

In Georgia Home Ins. Co. v. Mayfield Planing Mill, 119 S. W. 1190, it was held that a boiler room located 27 feet from a planing mill with which it was connected by a pipe and conduit, the former for conveying steam to the main building and the latter to bring shavings and chips to the boiler room, constituted an addition within the meaning of a policy containing terms similar to the one in suit.

In Taylor v. Northwestern National Ins. Co., 34 Cal. App. 471, 167 Pac. 899, the word "addition" was construed as covering a shed, containing part of a stock of groceries. The door of the shed was placed opposite a window of the store building, and the groceries were passed from one to the other by means of a removable board connecting the two buildings.

A boiler house was held to be covered by substantially the same policy provisions in Guthrie Laundry Co. v. Northern Assurance Co. of London, 17 Okla. 571, 87 Pac. 649, 10 Ann. Cas. 936. In that case a steam pipe conveyed the power from the boiler house situated four feet from the main building to the machinery in the main building. An overhead archway and a partially completed platform, with a sidewalk at the bottom, were the only connections between the main building and boiler house.

A shaft from an engine room which furnished the motive power to a planing mill, and the fact that the shavings from the mill were carried by a spout to the engine house twenty-two feet distant, and that there was a roadway between the two buildings was held sufficient to constitute the engine room "an addition" in Home Mutual Ins. Co. of Calif. v. Roe, 71 Wis. 33, 36 N. W. 594. To same effect is Ferguson v. The Lumbermen Ins. Co., 45 Wash. 209, 88 Pac. 128.

A warehouse connected with an elevator by means of about twenty boards nailed upon each building, the former being used as a part of the latter, was held to be included in the designation "elevator building and additions" in Cargill, &c. v. Miller & Manufactures Mut. Ins. Co., 33 Minn. 90, 22 N. W. 6. The warehouse was used exclusively for storing grain, which was first received into the elevator and then spouted into the warehouse through two spouts, which extended from one

building to the other. See also Montana Stables v. Union Assurance Surety of London, 53 Wash. 274, 101 Pac. 882; Tate v. Jasper County Farmers' Mutual Ins. Co., 133 Mo. App. 584, 113 S. W. 659; Marsh v. Concord Mutual Fire Ins. Co., 71 N. H. 253, 51 Atl. 898; Interstate Fire Ins. Co. v. Nelson, 105 Miss. 437, 62 Sou. 425; Shepard v. Germania Fire Ins. Co., 165 Mich. 172, 130 N. W. 626, 33 L. R. A. (N. S.) 156; Joyce on Insurance, secs. 1739 and 1744; Cooley's Briefs on Insurance, 743, et seq.

Franklin Fire Ins. Co. v. Hellerich & Son, 20 Rep. 1703, 49 S. W. 1066, relied upon by appellant, does not militate against the views herein expressed, because in that case the building which was held not to be included by the terms of the policy was separated from the main structure by an open space of twenty feet with nothing whatever connecting the two.

Finding no error in the judgment it must be and is accordingly affirmed.