Gross and others, Respondents, vs. MILWAUKEE MECHANICS' INSURANCE COMPANY, Appellant.

Gross and others, Respondents, vs. WESTERN ASSURANCE COMPANY, Appellant. ·

*March 12 — March 27, 1896.*

*Insurance against fire: Consolidation of actions: Waiver of proofs of loss: Change in structure containing insured property: "Store building."*

1. Separate actions on policies of insurance, against insurance companies who might, under ch. 235, Laws of 1893, have been joined as defendants in one action, may be consolidated by the court, under sec. 2972, R. S.

2. A denial by an insurance company of liability on a policy, made during the time within which proofs of loss might be filed, constituted a waiver of such proofs.

3. At the time of the issuance of policies insuring goods "while contained in " a certain "one-story frame store building," such building consisted of a main building and a "lean-to" or shed in the rear, with a door between them. Afterwards the shed was moved back about twenty feet and an addition to the main building was built, extending back to within three feet of the shed, to which it was connected by a platform nailed to both structures, and there were doors in each for convenient passage. Thereafter until the

fire the shed was used and goods were kept therein in all respects the same as at the time the policies were issued. *Held,* that the shed continued to be a part of the store building, within the meaning of the policies.

APPEALS from a judgment of the circuit court for Wood county: CHAS. M. WEBB, Circuit Judge. *Affirmed.*

Action to recover on several insurance policies for loss by fire of property alleged to have been covered by such policies at the time of such fire.

It was stipulated in the policies that the property was insured while contained in the one-story frame store building situated on the south side of Cranberry street in Centralia. The one-story frame store building referred to, at the time all the policies were issued, except one issued by the *Western Assurance Company,* June 11, 1893, consisted of a main building and a lean-to or shed in the rear, with a door for passage from the former into the latter, the two structures being used together as one building. Thereafter and before the fire the shed was moved back about twenty feet, and an addition to the main building was built, extending back to within three feet of the shed, to which it was connected by a platform nailed to both structures, with doors for convenient passage from such addition by way of the platform to the shed. Thereafter the shed was used substantially as before in conducting the store business, goods being kept there the same as when the policies were issued, up to the time of the fire which destroyed or injured the goods therein. Liability for the loss was denied on the ground that the property when destroyed was not in the store building, hence not covered by the policies.

On December 11, 1893, an action was commenced against the *Western Assurance Company* on three of the policies, and in January, 1894, an action was commenced against the *Milwaukee Mechanics' Insurance Company* on one policy. Thereafter both actions were consolidated by order of the

court, and tried, with the result that judgment for plaintiffs was rendered, from which judgment defendants appealed separately.

For the appellants there was a brief by *Finch & Barber*, and oral argument by *F. Beglinger*. They contended, *inter alia*, that in a case and under a policy of this kind the location described in the policy is essential to the insurance, and if changed avoids the policy. Wood, Fire Ins. (2d ed.), § 47; *Severance v. Continental Ins. Co.* 5 Biss. 156; 1 Biddle, Ins. § 639; *Providence & W. R. Co. v. Yonkers F. Ins. Co.* 10 R. I. 74; *Eddy St. I. Foundry v. Hampden S. & M. F. Ins. Co.* 1 Cliff. 300; *Liebenstein v. Ætna Ins. Co.* 45 Ill. 303; *Boynton v. Clinton & E. Mut. Ins. Co.* 16 Barb. 254; *Lycoming Co. Ins. Co. v. Updegraff*, 40 Pa. St. 311; *English v. Franklin F. Ins. Co.* 55 Mich. 273; *Hartford F. Ins. Co. v. Farrish*, 73 Ill. 166; *Bryce v. Lorillard F. Ins. Co.* 55 N. Y. 240; *Lyons v. Providence Washington Ins. Co.* 43 Am. Rep. 34; *Shertzer v. Mut. F. Ins. Co.* 46 Md. 506; *Pelly v. Royal Exch. Ass. Co.* 1 Burr. 341; *Holbrook v. St. Paul F. & M. Ins. Co.* 25 Minn. 229; *London & L. F. Ins. Co. v. Graves*, 12 Ins. L. J. 308; *Harris v. Royal Canadian Ins. Co.* 53 Iowa, 236; *Longueville v. Western Ass. Co.* 51 id. 553; *Hough v. Peoples' F. Ins. Co.* 36 Md. 398; *Md. F. Ins. Co. v. Gusdorf*, 43 id. 506; *West v. Old Colony Ins. Co.* 9 Allen, 316; *Moadinger v. Mechanics' F. Ins. Co.* 1 Bennett, Fire Ins. Cas. 285; *S. C.* 2 Hall, 490; *Storer v. Elliot F. Ins. Co.* 45 Me. 175; *Annapolis & E. R. Co. v. Baltimore F. Ins. Co.* 32 Md. 37; *Noyes v. N. W. Nat. Ins. Co.* 64 Wis. 415, and cases cited; *Hews v. Atlas Ins. Co.* 126 Mass. 389.

*Geo. L. Williams*, for the respondents, argued, among other things, that the changes made in the building did not materially change the location of the insured stock so as to avoid the policies then in force. *Home Mut. Ins. Co. v. Roe*, 71 Wis. 33; Wood, Fire Ins. §§ 51, 77, 247; *Liebenstein v. Baltic F. Ins. Co.* 45 Ill. 301; *Bigler v. N. Y. Cent. Ins. Co.*

20 Barb. 635; *Meadowcraft v. Standard F. Ins. Co.* 61 Pa. St. 91; *Peoria M. & F. Ins. Co. v. Lewis,* 18 Ill. 553; *Blake v. Exchange Mut. Ins. Co.* 12 Gray, 265; *Cargill v. Millers' & M. M. Ins. Co.* 33 Minn. 90; *Pettit v. State Ins. Co.* 41 id. 299; *West v. Old Colony Ins. Co.* 9 Allen, 316; *Fair v. Manhattan Ins. Co.* 112 Mass. 320.

MARSHALL, J. The actions were properly consolidated. Ch. 235, Laws of 1893, provides that, should the insured bring suit on any policy or policies of insurance, he may join as parties defendant any and all insurance companies interested in the loss. Sec. 2792, R. S., provides that, "when two or more actions are pending in the same court which might have been joined, the court or judge, on motion, shall, if no sufficient cause be shown to the contrary, consolidate them into one, by order." Under the law of 1893 the conclusion is easily reached that the actions might have been joined in the first instance; therefore it was the duty of the court to grant the motion to consolidate them when made, under sec. 2792, R. S., as no cause was shown to the contrary, the motion being made and heard on the pleadings, which were substantially the same in both cases.

Exception was taken to the finding of the court that liability on the policies was denied during the time required for filing proofs of loss, but such finding is well supported by the evidence. Such denial of liability constituted a waiver of proofs of loss, under repeated decisions of this court. *McBride v. Republic F. Ins. Co.* 30 Wis. 563; *Harriman v. Queen Ins. Co.* 49 Wis. 71; *King v. Hekla F. Ins. Co.* 58 Wis. 508; *Campbell v. Am. F. Ins. Co.* 73 Wis. 100.

The important question here presented is, Was the structure in which the goods were located at the time of the fire a part of the one-story frame store building, within the meaning of the contract of insurance? Before the shed structure, called a "lean-to," was moved back, it obviously

constituted a part of the store building. After its removal and the construction of the addition at the back of the main building it was connected therewith by a platform nailed to both structures, in which position it continued to be used down to the time of the fire, the same in all respects as at the time the policies were issued.

Precedents involving similar questions are at hand, some of which were cited in the briefs of counsel. In *Cargill v. Millers' & M. M. Ins. Co.* 33 Minn. 90, there was a warehouse located two and one-half feet from the elevator building. The two buildings were fastened together by a few strips of board nailed upon each. Held that, as the warehouse was used as a part of the elevator, it must be considered as having been intended by the parties to be included in the designation "elevator building and additions." In *Pettit v. State Ins. Co.* 41 Minn. 299, the words "frame, iron-clad, metal-roofed building occupied for the storage and handling of grain, and known as the St. Anthony Elevator, situated in Auditors' Subdivision No. 21, Minneapolis, E. D., Minnesota," were held to include a building used in connection with the main elevator building, located 300 feet from the main building, and connected with it by two galleries. The court said, in effect, that the broad description was not intended to limit the risk to the main building, because the language of the policy was not thus limited; that it was descriptive of the character, construction, purpose, and use of the building insured. To the same effect is *Home Mut. Ins. Co. v. Roe,* 71 Wis. 33. The descriptive words were, "frame planing-mill building and addition." The engine room, consisting of an independent structure,— except so far as it was connected to the main building by a shaft for the transmission of power and by a spout through which shavings were forced into the engine room,— was located twenty feet from such main building. It was held that the engine room was an essential part of the mill, and that the words "planing-

mill building" were broad enough, under the circumstances, to include it.

The reasoning of the cases cited, to which many more might be added, applies aptly to the facts of this case. The shed and main building, before the change, constituted the one-story store building. Its character in that regard, under the circumstances, was not changed by moving back the shed and constructing the addition. Such addition, former main building, and shed, all connected and used together, constituted the one-story frame store building within the meaning of the policies at the time the loss accrued.

*By the Court.*— Judgment affirmed on both appeals.