Cheshire,  ⎰
.Dec., 1900. ⎱

## MARSH v. NEW HAMPSHIRE FIRE INSURANCE CO.

A fire insurance policy on a mill building, and all additions thereto adjoining
and communicating, covers an engine-house and dry-house connected with
the main structure by a movable bridge.

DEBT, on a policy of insurance.   Trial by jury.   The plaintiff
is a pail-maker.   His plant consists of a frame mill building with
an addition built on to it, a dry-house about twelve feet from the
main building, and an engine-house about four feet from the dry-
house.   The engine-house and the dry-house are connected with
the main building by a movable bridge.   All the buildings are oc-
·cupied by the plaintiff for the purposes of his business, and are
·commonly spoken of as his pail shop.   The agent who wrote the
policy was familiar with the premises.   The engine-house and the
·dry-house were damaged by fire, May 17, 1899.   A nonsuit was
ordered on the ground that they were not included in the policy,
and the plaintiff excepted.

*Oliver E. Branch*, for the plaintiff.

*Samuel C. Eastman*, for the defendants.

YOUNG, J.   The language of the policy, " on frame mill build-
ing and all additions thereto adjoining and communicating . . .
occupied by the assured as a pail shop," was apt to describe the
buildings occupied by the plaintiff in manufacturing pails, and
commonly spoken of as his pail shop.   " All additions " means
more than a single addition.   " Adjoining " describes the addition
built on to the main building.   " Communicating " describes the
dry-house and the engine-house, for they communicate with the
main building by means of the movable bridge.   2 Cent. Dict.,
communicate, int.   The description included all additions which
either adjoin or communicate with the frame mill building and
were, occupied by the plaintiff for manufacturing pails.   Conse-
·quently the policy covered both the engine-house and the dry-
house.

*Exception sustained : judgment for the plaintiff.*

CHASE, J., did not sit: the others concurred.