(59 App. Div. 461.)

MAISEL v. FIRE ASS'N OF PHILADELPHIA.

(Supreme Court, Appellate Division, Fourth Department. March 12, 1901.)

POLICY—CONSTRUCTION—"ADDITIONS ATTACHED."

Where a policy covered all furniture contained in a certain brick building and "additions attached," furniture in a frame building on the next lot, extending over, and against the rear of the brick building, two inches, and used in connection therewith as a storehouse, being the only building attached or connected with the brick, was covered by the policy.

Appeal from trial term, Erie county.

Action by Louis Maisel against the Fire Association of Philadelphia. From a judgment in favor of plaintiff, defendant appeals. Affirmed.

Argued before ADAMS, P. J., and McLENNAN, SPRING, WILLIAMS, and LAUGHLIN, JJ.

D. N. McNaughton, for appellant.
A. J. Robertson, for respondent.

SPRING, J. This action is founded upon a standard fire insurance policy issued by the defendant to the plaintiff March 20, 1899, and which contains this clause:

"$1,500.00 on stock of furniture of every description, including mirrors, brackets, desks, lounges, mattresses, springs, and such other stock as usually kept for sale in a retail furniture store, while contained in the brick building

and additions attached, situate No. 967, on the south side of Broadway, Buffalo, N. Y."

The plaintiff was engaged in the retail furniture business, occupying a brick store fronting on Broadway, in the city of Buffalo, and which was the easterly of three brick stores in the same building, with street number 967. At the southeasterly corner of the plaintiff's store there was a two-story frame building, situated chiefly on the rear of the adjacent lot, but which extended over, and against the rear of plaintiff's building, two inches. The store and this frame building were owned by the same person, and the latter was used by the plaintiff, in connection with the main store, for storing his furniture, and the property burned was in this building, and was destroyed during the life of the policy, and the amount of the loss was stipulated on the trial at $331.87. The frame building fronted on an alley which extended along the rear of all these stores to Fillmore avenue, a street intersecting Broadway. There was no other building attached to or connected with the store occupied by the plaintiff. The only question in the case it whether or not this frame building is fairly within the expression "and additions attached." In Rickerson v. Insurance Co., 149 N. Y. 307, 43 N. E. 856, the description in the policy was: "The brick building and additions, including * * * yard fixtures * * * and all fixtures contained in or attached thereto, * * * situate No. 168 Mott street, city of New York, occupied for stores and dwellings." The property consisted, in front, of a brick building, another a considerable distance in the rear, and a portion of the intervening space was taken up with a one-story stable, which extended from one brick building to the other, so that its end walls were the walls of the brick building. This was covered with boards, and the only communication with the brick building was by a window through each of the walls. The court at trial term dismissed the complaint, which was affirmed by the general term, and reversed by the court of appeals. The court, after analyzing, the description, reached the conclusion that it might include all the buildings. In Cargill v. Insurance Co., 33 Minn. 90, 22 N. W. 6, the policy covered a "steam power elevator and additions, with porches and platforms attached, including engine and boiler house." This was held sufficiently comprehensive to include a warehouse 2½ feet from the main building, but connected together by strips of board nailed upon each building, although the only means of entrance to the warehouse was by a window, gained by a cleat ladder on the sides of the building. Of like effect are Insurance Co. v. Roe, 71 Wis. 33, 36 N. W. 594; May, Ins. (4th Ed.) par. 420b; Beach, Ins. par. 886. The following quotation is from Joyce, Ins. par. 1739:

"So insurance on a grain 'elevator, buildings, and additions' will extend to and include a building through which all the grain is received into or discharged from the warehouse, although such building is only attached to the elevator proper by boards nailed to both structures, and they are two and one-half feet apart. So a building described as a 'car factory,' the policy being upon goods therein, includes goods in a wing connected with a main building by an opening through the walls, usually closed by an iron door, where both the wing and main building are known as the car factory, and both are

used for manufacturing cars. So a policy on a brick store will include a wooden shed or awning projecting over the sidewalk, supported on pillars sunk into the ground on the further side, and having rafters extended into the brick wall of the building."

It is a fact not to be overlooked that the only building to which the term "additions attached" can relate is this frame building. The language is, therefore, surplusage; unless it embraces that building, and we must give effect to every part of the policy if we can do so without obvious violence to the intention of the parties to it. The structure impinged against the rear of the brick building. It extended onto lot 967 sufficiently to do this; hence it was not wholly on the lot adjoining. The fact that it was upon both lots is not of sufficient moment to relieve the insurer from liability. Nor was it detached. It was connected as closely to the brick building as the nature of the structure would permit. It is a familiar rule in the interpretation of insurance policies that, where any uncertainty exists in the language, it will be resolved in favor of the insured. Rickerson v. Insurance Co., 149 N. Y. 307–313, 43 N. E. 856; Matthews v. Insurance Co., 154 N. Y. 449, 48 N. E. 751, 39 L. R. A. 433. In the latter case we find the following at page 456, 154 N. Y., page 752, 48 N. E., and page 436, 39 L. R. A.:

"The policy, although of the standard form, was prepared by the insurers, who are presumed to have their own interests primarily in view; and hence, when the meaning is doubtful, it should be construed most favorably to the insured, who had nothing to do with the preparation thereof."

These two buildings were occupied by the plaintiff in his furniture business, and we are not required to distort the phraseology of the policy in reaching the conclusion that it covered the furniture in this wooden structure. The judgment should be affirmed, with costs to the respondent.

Judgment affirmed. All concur.