[No. 6332.  Decided January 2, 1907.]

D. FERGUSON, *Respondent*, v. THE LUMBERMEN'S INSURANCE COMPANY, *Appellant*.[1]

INSURANCE—REPRESENTATIONS OF AGENT—EVIDENCE—CONTRADICTING TERMS OF POLICY. In an action upon a fire insurance policy to recover for the loss of lumber in a mill, it is error to receive evidence of representations of the company's agent, made at the time the policy was issued, to the effect that the policy was "unlimited" and without any restrictions, contradicting the plain terms of both the application and the policy, which provided that it insured lumber while contained in the yards or sheds in the yards, and expressly excluded the same while contained in the mill.

[1]Reported in 88 Pac. 128.

14—45 WASH.

INSURANCE—POLICY—CONSTRUCTION—ITEMS COVERED—ADDITIONS TO MILL. A planing mill is part of a "sawmill building and additions thereto," within the terms of a policy of fire insurance, where it appears that one side of the planing mill was eighteen inches from the sawmill, there being no walls between them, that they communicated directly with each other for the passage of lumber from one to the other, and a large belt covered by a box communicated power from one to the other.

INSURANCE—POLICY—CONSTRUCTION—TRIAL—QUESTION FOR COURT. Where there are no disputed questions of fact, and the issues depend entirely upon the proper construction of the contract of insurance, the same should be determined by the court as questions of law.

Appeal from a judgment of the superior court for Whatcom county, Neterer, J., entered March 29, 1906, upon the verdict of a jury rendered in favor of the plaintiff, in an action on a fire insurance policy. Reversed.

*Dorr & Hadley* and *John B. Van Dyke*, for appellant.

*Rose & Craven*, for respondent.

Mount, C. J.—This action was brought by the plaintiff to recover upon a policy of insurance issued by the defendant to the plaintiff. Plaintiff recovered a judgment for $762.90. Defendant appeals.

After the issues of fact were made up by the complaint, answer, and reply, the case was tried to a jury. At the trial it was agreed that the policy was issued as alleged, and that a fire occurred while the policy was in force, and destroyed certain items of lumber; but it was claimed by the appellant that the policy of insurance covered only lumber which was damaged or destroyed within the yards, and did not cover lumber destroyed within the sawmill buildings or buildings adjoining thereto. Respondent, on the other hand, maintained that the policy covered lumber both within and without the sawmill buildings, and particularly within the planing-mill buildings. It was stipulated at the trial that there were three parcels of lumber destroyed and in dispute,

as follows: Parcel No. 1, located wholly within the planing mill and of the value of $605; parcel No. 2, located partly within the planing mill but projecting outside thereof and of the value of $160; parcel No. 3, located outside the buildings and of the agreed value of $246. As to this last item, defendant claimed that it was fifty feet away from the main building, and because there was concurrent insurance on property within fifty feet of the buildings, that defendant was only liable for one-half the value of this item, which amount, viz., $123, was paid into court. Respondent, however, claimed that this item No. 3 was located within fifty feet of the mill buildings, and therefore was not covered by the other insurance. The only dispute at the trial concerning this item was whether it was within fifty feet of the buildings or without that distance. During the course of the trial, the court permitted oral evidence on the part of the plaintiff to the effect that the agent of the insurance company, when the application was taken for the insurance, stated to the plaintiff that the policy was an "unlimited policy," meaning thereby that the policy covered lumber within the mill and adjoining buildings as well as lumber in the yards, and that plaintiff would not have taken the policy but for such statements, and also that at the time the policy was delivered and afterwards, the agent stated to the plaintiff that the policy was an unlimited policy. The defendant objected to this evidence when it was offered, and moved to strike it out for the reason that the contract was in writing and this evidence was, therefore, inadmissible to vary the terms of the written contract. The application of the plaintiff for the policy was made upon a blank form furnished by the agent of the defendant. This application, so far as it is material here, was as follows:

"$ Nil—On 2 story frame shingle roof mill building and additions thereto, adjoining and communicating with 1 story frame shingle roof engine and boiler house attached, includ-

ing foundations, capping and piling immediately thereunder. and log slides, if any, occupied as a wet log, steam power saw & planing mill.   .   .   .

"$ Nil—On stock (incident to the business) manufactured, unmanufactured, in process of manufacture, and materials for manufacturing same, all while contained in the above described mill building and additions thereto, or in cars on tracks within one hundred feet of said building.   .   .   .

"$1,000. On lumber, laths, shingles, pickets, mouldings, posts, and all other timber products, their own or held by them in trust, or on commission, or sold but not delivered, all while contained in their yards, or in sheds in their yards, or piled on or under platforms and tramways, docks or wharves, or in cars within fifty feet thereof.  All the above described property, situate on block 200 of tide flat lands, Whatcom, Wash."

This application was signed by respondent on May 13, 1904.  On the 16th day of May, 1904, the policy was issued by the defendant, containing the following clauses:

"$ Nil—On two story frame iron roof building and additions thereto, adjoining and communicating with one story frame iron roof engine and boiler house attached, including foundations, capping and piling immediately thereunder, and log slides, if any, occupied as a wet log, steam power saw mill.   .   .   .

"$ Nil—On stock (incident to the business) manufactured, unmanufactured, in process of manufacture, and materials for manufacturing same, all while contained in the above described mill building and additions thereto, or in cars on tracks within one hundred feet of said building.   .   .   .

"$1,000. On lumber, laths, shingles, pickets, mouldings, posts and all other timber products, their own or held by them in trust, or on commission, or sold but not delivered, all while contained in their yards, or in sheds in their yards, or piled on or under platforms and tramways, docks or wharves, or in cars on track within sixty feet thereof."

It is plain from both the application and the policy in this case that the appellant insured only lumber while contained in the yards or in sheds in the yards of the respondent, and

excluded stock manufactured, unmanufactured, or in process of manufacture, while contained in the sawmill building and additions thereto. It is true this court, in common with many other courts, has frequently held that insurance contracts will be construed most strictly against the insurance company; but while policies are construed strictly, courts cannot make new contracts for the parties. *Jump v. North British etc. Ins. Co.*, 44 Wash. 596, 87 Pac. 928. No reasonable construction can be placed upon this policy so as to make it cover stock while located within the mill building, for that is expressly and plainly excluded by both the application and the policy. The evidence offered by the plaintiff in this case tended directly to contradict the terms of the policy and the application. It is a familiar rule that oral evidence cannot be received to vary the terms of a written contract. We are therefore of the opinion that the trial court erred in receiving the evidence of the plaintiff to vary the terms of the policy.

It appears that the sawmill proper was a building two hundred and twenty feet long by fifty feet wide. At the side of this building and at the end next to the yards was a building sixty by forty feet, used as a planing mill. This planing-mill building was not built against the sawmill proper, but was about eighteen inches therefrom. It was a two-story structure. The machinery in the planing mill was run by a belt extending to the main shaft in the sawmill. The entrance from the sawmill to the planing mill was effected by means of a step-ladder from the sawmill to the second floor of the planing mill. There were no walls between the planing mill and the sawmill. To the side of the planing mill, toward the yards, a shed was attached to the planing mill. This shed was a part of the planing-mill building, and was used for receiving lumber from the planers and loading the same therein on trucks to be taken to the yards. It is conceded that lumber to the value of $605 was destroyed while in the planing mill, and lumber to the value of $160

was destroyed while in the shed attached to the planing mill. But it is contended that the planing mill was no part of the sawmill, and that, therefore, the lumber contained in the planing mill was covered by the policy. This contention cannot be sustained. There can be no doubt that, if the policy covered the "sawmill and additions thereto," we would hold that the planing mill was an addition to the sawmill and a part thereof, even though there was a space of eighteen inches between them, because it is conceded they communicated directly with each other, lumber was passed from the sawmill directly into the planing mill, and a short step-ladder extended from the floor of the sawmill to the second floor of the planing mill, and that a large belt covered by a box communicated power from one mill to the other. Under these admitted facts, the planing mill was a part of the sawmill building. *Home Mut. Ins. Co. v. Roe*, 71 Wis. 33, 36 N. W. 594; *Maisel v. Fire Ass'n*, 59 App. Div. 461, 69 N. Y. Supp. 181; *Marsh v. New Hampshire Fire Ins. Co.*, 70 N. H. 590, 49 Atl. 88; *Cargill v. Millers' etc. Ins. Co.*, 33 Minn. 90, 22 N. W. 6; *Gross v. Western Assur. Ins. Co.*, 92 Wis. 656, 66 N. W. 712. The respondent, therefore, was not entitled to recover under the policy for the two items of $605 and $160. These items should have been withdrawn from the consideration of the jury.

There seems to be no dispute in the evidence that the lumber which was of the agreed value of $246 was within the yards outside of the mill, and was within fifty feet of the planer and sawmill buildings. This item was clearly covered by the policy, and was not covered by other policies of insurance. There was no disputed question of fact to be submitted to the jury. The questions involved were questions of law, depending entirely upon the proper construction of the contract of insurance, and should therefore have been determined by the court.

The judgment must therefore be reversed, and the cause remanded to the lower court with instructions to enter a

judgment in favor of plaintiff for $246, with costs of that court; appellant to recover costs of this appeal.

Crow, Dunbar, Root, Fullerton, and Hadley, JJ., concur.