MAX GERTNER, Respondent, *v.* GLENS FALLS INSURANCE COMPANY OF GLENS FALLS, NEW YORK, Appellant.

First Department, November 12, 1920.

**Insurance — action on policy of fire insurance — when policy covers goods stored in adjoining building — meaning of words "extensions and additions " — construction favorable to insured — power of court to decide facts where both parties move for direction of verdict.**

Where in an action on a policy of fire insurance of standard form on property contained in a specified "building, extensions and additions thereto," it appeared that the insured to the knowledge of the insurer was engaged in selling automobile machinery and accessories and kept a portion of the goods in a frame building on a lot adjoining his main building but facing on another street, the only access thereto being through the main building and through a yard and alley, which facts were known to an inspector of the insurer who viewed the property, it was proper for the court to rule as a matter of law that the policy covered the goods stored in the adjoining building.

It is a well-settled rule that a fire insurance policy must be liberally construed in favor of the insured, and where the words are fairly susceptible to two interpretations the one that will sustain and not defeat the claim will be adopted.

Under the rule aforesaid and the circumstances of the case the words "extensions" and "additions" required an interpretation by the court most favorable to the insured.

Moreover as both parties moved for the direction of a verdict the court had power to decide any fact that might be properly inferred from the proofs. If there was no ambiguity in the policy the court had the right to decide it as a matter of law.

CLARKE, P. J., and SMITH, J., dissent.

APPEAL by the defendant, Glens Falls Insurance Company of Glens Falls, New York, from a judgment of the Supreme Court in favor of the plaintiff, entered in the office of the clerk of the county of New York on the 17th day of February, 1920, upon the verdict of a jury rendered by direction of the court, and also from an order entered in said clerk's office on the 15th day of March, 1920, denying defendant's motion for a new trial made upon the minutes.

*William C. Foster,* for the appellant.

*Abraham Lipton* of counsel [*Horowitz & Hurwitz,* attorneys], for the respondent.

GREENBAUM, J.:

The action was brought to recover a loss upon a fire insurance policy of $3,000 issued by defendant. The only question submitted to the jury was the amount of the damages. The court construed the policy as a matter of law in favor of the plaintiff and directed a verdict for the sum found by the jury. The policy was a standard form and described the place where the property insured was located as follows: "All while contained in (*sic*) on the building extensions and additions thereto, situate No. 1135 East Tremont Avenue, N. Y. C." The sole question in the case is whether the policy clearly and without ambiguity indicated that the insurance was limited to the frame building known as 1135 East Tremont avenue and facing on that avenue, or whether it included a frame structure in the rear thereof, within the meaning of the words " extensions and additions thereto."

The personal property insured under the policy is described to be " automobile machinery and accessories," followed by an enumeration of many other kinds of property. The plaintiff at the time of the issuing of the policy as well as at the time of the fire was a dealer in automobile machinery and accessories. The undisputed evidence is that when the policy was issued these accessories and various parts of automobile machinery were kept both in the building fronting on East Tremont avenue and in a barn-like frame building which was on a lot adjoining and fronting on One Hundred and Seventy-ninth street. The latter structure had doors fronting on the street, which had always been kept closed during the plaintiff's occupancy, and the only access thereto was through an entrance door in the rear of the building which was reached by going through the Tremont avenue building by way of the yard and alley between the rears of both buildings.

It undisputedly appears that within a few days after the issuance of the policy and not more than a week thereafter one McGuire, a special agent of the defendant, visited the premises in question and saw one of the employees of the plaintiff engaged in work in the so-called rear building on

One Hundred and Seventy-ninth street which he reached in the manner just described, and that McGuire during his inspection made notes in a book which he had. He thus had ample opportunity to see and undoubtedly must have seen that plaintiff had automobile accessories and automobile machinery in both structures.

The appellant relies upon certain cases which hold that the word " additions " in a policy refers to a physical annexation to the main building. It also relies upon *Acione* v. *Commercial Union Assurance Co., Ltd.* (182 App. Div. 822). This case will presently be considered.

On the other hand, we find many cases in this State and in other jurisdictions in which the word " additions " in the policy has been held not necessarily to mean a structural or physical annexation to the main building, but one which may be wholly disconnected therefrom.

A recent decision by the Appellate Term (*Alterman* v. *Home Ins. Co.*, 112 Misc. Rep. 445) reviews many authorities which have considered the meaning of the words " extensions and additions " in policies of insurance and held that they apply to buildings separate from the main building and not physically attached thereto. The facts in the *Alterman* case are quite analogous to those here appearing. In that case the policy described the insured premises as " the brick building and extension thereto," and the asserted extension consisted of a brick building in the rear of the premises fronting on East Eleventh street, the distance between the rear of that building and the front of the rear building being about twenty-five feet. In the case at bar the distance between the two buildings is about fourteen feet.

In addition to the authorities cited in the *Alterman* case, we find the following cases which also support the learned Appellate Term's conclusion that an " addition " need not necessarily be physically a part of the main building. (*Ideal Pump & Mfg. Co.* v. *American Central Ins. Co.*, 152 S. W. Rep. 408, 409; 167 Mo. App. 566; *Bickford* v. *Ætna Ins. Co.*, 101 Maine, 124; 63 Atl. Rep. 552–554; 8 Am. & Eng. Ann. Cas. 92.) In the *Bickford Case* (*supra*) the court said that dictionary definitions are of very little value in construing the meaning of " additions " in a fire insurance policy, since the meaning of

that term must depend largely upon other words in the policy and must also be considered in connection with the use and purposes contemplated by the parties to the contract. .

In Richards on Insurance (3d ed. p. 291) the learned author states: " If a building though physically separate from the building described in the policy is connected with it in use the Court may readily conclude that it is covered by the term ' additions;' for instance, where the addition was four feet distant from the main building.   And clearly applicable is the rule where there is no other structure except the independent building to answer to the description of additions." (Citing *Gross* v. *Mill M. Ins. Co.*, 92 Wis. 656; 66 N. W. Rep. 712, and other cases.)

It is a well-settled rule of interpretation of a fire insurance policy that it must be liberally contrued in favor of the insured, and where the words are fairly susceptible of two interpretations the one that will sustain and not defeat the claim will be adopted.

Applying the principles which have been quite uniformly recognized, we find that at the time of the insurance plaintiff used both the building on East Tremont avenue and a little structure on One Hundred and Seventy-ninth street in connection with his business; that customers regularly came to the rear building through the East Tremont avenue building and there inspected and purchased goods of the plaintiff; that within a few days after the insurance policy was issued a special agent of the company visited the premises and saw the uses to which the two buildings were being put by the plaintiff.   Notwithstanding that fact, the company did nothing towards canceling the policy or demanding any extra premiums as it had the right to do and allowed it to continue in force.   We have thus a situation in which all the physical conditions affecting the property insured were known to both parties during the existence of the policy, and, therefore, that they must have intended to include in the policy the merchandise contained in the rear structure on One Hundred and Seventy-ninth street.   If it was the intention of the insurer not to include the rear building, to what would the words " extensions and additions " refer?   It must be presumed that the parties had something in mind when those words

were used. We find in many policies only one of the words " extensions " or " additions " used as in the *Alterman* case (*supra*) which referred to " extensions." In this policy both " extensions " and " additions " are mentioned.

Notwithstanding the large number of cases which have recognized that the word " additions " does not necessarily refer to a physical annexation of an additional building to the main building, the appellant insists that this court has been committed to a different interpretation in the case of *Acione v. Commercial Union Assurance Co., Ltd.* (*supra*). An analysis of that case shows that the facts therein differed in some essential features from those here appearing. The policy covered an insurance of $2,500 distributed as follows: " $1,500 on stock of merchandise consisting principally of syrup, $500 on furniture and fixtures, and $500 on household furniture located at 324 East One Hundred and Sixteenth street." It also appeared in that case that there was a survey made by the company which was put in evidence. That survey showed that the insured " was a dealer and manufacturer of extracts; the basement was occupied for the storage of boxes and an electric motor for power; the first floor for the storage of stock, one press and nuts in bags; one-half barrel of alcohol stored in yard; second floor, office and shipping department and two brands of bottling extracts; the third and fourth floors were occupied as an apartment by the assured." Moreover, the court there only construed the meaning of the word " extension," since the word " addition " was not mentioned in the policy. The court stated that the survey that was made indicated that there was no intention to insure any property in the one-story wooden structure in the rear, and that the reference to the one-half barrel of alcohol stored in the yard emphasized that fact. There was nothing in that case from which one might have inferred that at the time of the survey or of the issuance of the policy any of the property of the assured was kept in the rear building. Under such circumstances the court held that the policy was not ambiguous, and in effect held that under the peculiar facts in that case the word " extension " was not applicable to a building forty feet distant from the main building.

The facts before us, as already indicated, differ very materially from those in the *Acione* case. Here, the representative

of the company within a few days after the issuance of the policy, ostensibly for the purpose of making a survey, was apprised that the automobile accessories were in both buildings, and yet nothing was done to cancel the policy or to demand an increase in insurance rates. It is also significant that although Mr. McGuire was present in court during the trial he was not interrogated as to what he saw in the rear building, nor as to any report which he made to the company, or whether a survey was filed. He did not contradict the plaintiff's witness as to the use of the building at the time he visited the premises in question, nor as to his making notes. This silence warrants the inference that the defendant was fully aware of the way plaintiff conducted his business and that a considerable portion of his automobile accessories was contained in the rear building and that the survey if produced would have indicated that both parties understood that the rear building came within the terms of the policy. Under all the circumstances the words " extensions " and " additions " required an interpretation by the court most favorable to the insured.

In addition to what has been said, the record shows that each of the parties after the evidence was all in moved for the direction of a verdict. The court, therefore, had a right to decide any fact that might be properly drawn from the proofs. If there was no ambiguity in the policy, the court had the right to decide it as a matter of law. In my opinion it was justified in deciding in favor of the plaintiff.

The judgment and order should, therefore, be affirmed, with costs.

DOWLING and PAGE, JJ., concur; CLARKE, P. J., and SMITH, J., dissent.

Judgment and order affirmed, with costs.