JENNIE ALTERMAN, Respondent, *v.* THE HOME INSURANCE COMPANY OF NEW YORK, Appellant.

First Department, February 4, 1921.

Insurance — fire insurance — policy on building and extension thereto occupied as store and dwelling as covering another building on same lot not so occupied — policy not ambiguous.

A policy of fire insurance on a " brick building and extension thereto, occupied as store and dwelling, situate No. 529 East 11th Street," does not cover another brick building on the same lot standing in the rear of the building bearing the number mentioned where it appears that the other building was not occupied as a store and dwelling.

The fact that on the rear of the lot on which the insured building stood there was situate another building not occupied as a store and dwelling does not create any ambiguity in the policy as to what was intended by the parties in issuing and accepting the policy.

LAUGHLIN and PAGE, JJ., dissent.

First Department, February, 1921.          [Vol. 195.

APPEAL by the defendant, The Home Insurance Company of New York, from a determination and order of the Appellate Term of the Supreme Court, entered in the office of the clerk of the county of New York on the 18th day of October, 1920, affirming a judgment of the Municipal Court of the City of New York, Borough of Manhattan, Fifth District, in favor of the plaintiff.

*Robert A. Fosdick,* for the appellant.

*Jacob I. Berman,* for the respondent.

MERRELL, J.:

The issues in the Municipal Court were presented through an agreed statement of facts. Plaintiff brought the action to recover a loss of $400 conceded to have been sustained by her from destruction of real property by fire. The property in question was owned by the plaintiff and was situated upon plaintiff's lot at No. 529 East Eleventh street, in the borough of Manhattan, city of New York.

It appears from the agreed statement of facts that the plaintiff, on March 21, 1919, held two policies of fire insurance issued by the defendant for $5,000 each. By the 5th paragraph of the agreed statement of facts it was stipulated as follows: " The property insured in and by said policies was as follows: The brick building and extension thereto, occupied as store and dwelling, situate No. 529 East 11th Street, Borough of Manhattan, City of New York, including also all fixtures; also stoop, sidewalk, mason and ironwork in front and fences and yard fixtures in rear thereof."

The premises upon which the insured property stood consisted of a lot twenty-five feet wide in front and rear, by one hundred feet in depth on both sides, and for thirty years there were located on said premises two buildings, namely, one, which was the larger building, of brick, four stories in height, located on the front of said premises at No. 529 East Eleventh street. Another building, which was smaller, but also of brick, two stories in height, stood on the rear of said premises, distant from the first above-mentioned building about twenty-five feet, and physically entirely separate and detached from the main building facing the street. Access to said· building in

the rear from the street was only by means of passing through the main building located on the front of said premises. The policies of insurance were issued without any inspection or independent examination of the premises at the time when said policies were issued.

It was further stipulated and agreed that at and prior to the issuance of said policies of fire insurance the defendant had an atlas or map of buildings in the city of New York in its office from which it correctly appeared that there was a building on the front and another building on the rear of said premises, and it then knew of the existence of said buildings, and that the defendant at the time of issuing the respective policies, based its premium of insurance upon the rate fixed by the New York board of fire underwriters for the building used for store and dwelling purposes, and that no extra rate of premium for insurance would have been charged had said policies specifically described the front and rear buildings aforesaid, in which case the amount of insurance on each building would have been expressed in the policies and apportioned between the buildings so specifically described.

On March 21, 1919, while both said policies were in force and effect, a fire occurred in the building located on the rear of said premises. No damage whatever was caused by said fire to the building located in the front of said premises, or any part thereof, nor to any of the fixtures, stoop, sidewalk, mason or ironwork in front or fences in yard or yard fixtures in the rear of the same.

It was further stipulated in the said agreed statement of facts that on the dates of the issuance of said policies of insurance the only building located on said premises marked with the street number " 529 " was the main building in the front of said premises facing the street.

It was also further stipulated and agreed by the parties that on the date of the issuance of said policies the only building located on said premises occupied as a store and dwelling was the building located on the front of said premises.

The agreed statement of facts further shows that the net cash value at the date of said fire of the building located on the front of said premises was $9,000, and of the building located on the rear thereof, $2,500. After the fire and within

the time prescribed by said policies the plaintiff duly presented and filed with the said defendant due proofs of loss in the forms accepted by the defendant, which contained a schedule of the damage by fire duly executed and verified by the plaintiff as the assured in accordance with the form required by said polices, and thereafter an appraisal agreement in accordance with the form issued by the defendant was duly executed and filed with said defendant; that the appraisers thereafter fixed said loss and damage to the plaintiff by said fire to the building located in the rear of said premises at the sum of $400; that said appraisal was made as provided by the terms of said policies, but without prejudice to the defendant with respect to any of its rights.

The defendant refused to pay plaintiff the amount of her said loss and damage on the specific ground that the policies covered only the brick building in the front of said premises occupied as a store and dwelling; whereas the fire occurred in and damage was thereby caused to the building in the rear of said premises, and defendant duly notified the plaintiff that by reason thereof it denied liability for the loss suffered by this plaintiff as aforesaid.

It is the contention of the plaintiff, and the trial court held, that the policies of insurance in question covered not only the brick building on the front of said premises, occupied as a store and dwelling, but also covered the building damaged by fire, and granted judgment in plaintiff's favor for the amount of her loss as fixed by said appraisers. The Appellate Term, by its determination, has affirmed the judgment of the Municipal Court. (112 Misc. Rep. 445.)

I am of the opinion that the judgment of the Municipal Court and the order of the Appellate Term affirming the same must be reversed. The policies of insurance covered only the brick building and extension thereto, *occupied as store and dwelling*, situate at No. 529 East Eleventh street, borough of Manhattan, city of New York, including also all fixtures; all stoop, sidewalk, mason and ironwork in front and fences and yard fixtures in the rear thereof. No other property of the plaintiff was embraced in the policies. It was stipulated by the parties that no damage whatever was by said fire caused to the building thus covered, nor to any of the fixtures, stoop,

sidewalk, mason or ironwork in front, or fences in yard or yard fixtures in the rear of the same. It was further stipulated and agreed by the parties that on the date of the issue of said policies the only building located on said premises occupied *as a store and dwelling* was the building located on the front of said premises, and which, as before stated, it was stipulated was not damaged as the result of the fire. It seems to me that the particular description of the insured property as the brick building and extension thereto, *occupied as store and dwelling,* situate at No. 529 East Eleventh street, accompanied by the further stipulation that said building was the only building located on said premises which was occupied as a store and dwelling, and the fire not having occurred therein, and the same being uninjured, are insurmountable obstacles in the path of plaintiff's recovery in this action. Had the description of the insured property been, " the brick building, occupied as a store and dwelling and extension thereto," a different situation would have been presented. Had the insured property been thus described, the numerous authorities upon which the respondent relies, and which the learned Appellate Term cites in support of its determination, to the effect that the term " extension " is synonymous with the term " addition," and that where a policy covers property and its extensions and additions it is not necessary, in order to cover outbuildings or structures constituting such additions or extensions that the same should be physically connected with the main property covered by the policy of insurance, would be pertinent. (*Gertner* v. *Glens Falls Ins. Co.,* 193 App. Div. 836; *Ideal Pump & Mfg. Co.* v. *American Central Ins. Co.,* 152 S. W. Rep. 408; *Rickerson* v. *Hartford Fire Ins. Co.,* 149 N. Y. 307; *Maisel* v. *Fire Association,* 59 App. Div. 461.) But here the description is " the brick building and extension thereto, *occupied as store and dwelling.*" Concededly the building damaged by the fire here was not occupied as a store and dwelling, and, therefore, even if it be regarded as an extension to the main building, it was not covered by the policies of insurance. To what use the building damaged was put by the owner does not appear. So far as the record discloses, it may have been devoted by the plaintiff to a use entirely foreign to store and dwelling purposes.

The learned Appellate Term has stated, and the respondent contends, that there is an ambiguity in the description of the property intended to be covered by these policies, and that, therefore, under the doctrine of *Herrman* v. *Merchants' Ins. Co.* (81 N. Y. 184), *Allen* v. *St. Louis Ins. Co.* (85 id. 473), and kindred decisions, the policies should be construed most favorably to the insured. The difficulty is that I find no ambiguity in the policies in suit. The description of the insured property was very precise as, "The brick building and extension thereto, occupied as store and dwelling, situate No. 529 East 11th Street, Borough of Manhattan, City of New York," etc. The fact that on the rear of the lot on which the insured building stood there was situate another building not occupied as a store and dwelling, it seems to me, creates no ambiguity as to what was intended by the parties in issuing and accepting the policies in suit.

The determination of the Appellate Term should be reversed, with costs, the judgment of the Municipal Court reversed, with costs, and the complaint dismissed, with costs.

CLARKE, P. J., and SMITH, J., concur; LAUGHLIN and PAGE, JJ., dissent.

Determination reversed, judgment of Municipal Court reversed and complaint dismissed, with costs to defendant in all courts.