In the Matter of Elliott C. Carter et al., Petitioners. Alfred Dunhill of London, Inc., Respondent.

Supreme Court, Special Term, New York County, April 19, 1948.

Glen N. W. McNaughton and Barbara Beverly Baisley for petitioners.

Jerome Eisner and Robert A. Dreyer for respondent.

Schreiber, J. This is a motion to dismiss the first defense, the second defense and the counterclaim. The first defense is insuffi-

cient. There appears to be no statutory provision forbidding the fixation by the court of a rent exceeding the amount of the emergency rent under section 4 of the Business Rent Law (L. 1945, ch. 314, as amd.), unless the emergency rent itself has been fixed under section 2, by agreement, arbitration, or this court. Nor does there appear to be any good reason for requiring the fixation of the emergency rent as a condition precedent to the fixation of a reasonable rent in excess of the emergency rent. Where a landlord is of the opinion that the emergency rent as fixed would be insufficient, it would be needlessly roundabout for him to have the emergency rent fixed only to immediately thereafter make an application for the fixation of a rent in excess of the emergency rent as fixed.

The second defense is also insufficient. It is predicated upon the allegation that the reasonable rent for the space occupied by defendant as of June 1, 1944, was $200 per month on the basis of the rent charged on June 1, 1944, for the most nearly comparable business space in the same building. Defendant, accordingly, proceeds on the theory that the emergency rent was 15% more than $200, viz., $230. However, section 2 provides as to premises which were not used or occupied as business space on June 1, 1944, that the emergency rent shall be the reasonable rent plus 15% thereof " to be fixed by agreement, by arbitration, or by the supreme court upon the basis of the rent charged on such date for the most nearly comparable business space in the same building or other rental area, or other satisfactory evidence ". Until the emergency rent has been fixed by agreement, arbitration or the court, it is impossible to know what its amount is. It is also to be noted that the criterion to be used in such fixation is not limited to the value of the most nearly comparable space in the same building but that other satisfactory evidence may also be considered. It follows that the tenant may not avail itself at this time of the provision of section 4 that " Any landlord who shall wilfully demand or accept a rent in excess of the emergency rent, or a rent fixed pursuant to section four of this act shall forfeit one succeeding month's rent." It is to be noted that section 3 of the Business Rent Law provides that in the case of business space not used or occupied on June 1, 1944, the landlord is to furnish a statement as to the emergency rent within twenty days " after such rent shall be fixed or determined pursuant to subdivision (c) of section 2 ".

That the fixation of the emergency rent for space which was vacant on June 1, 1944 (or in the case of the Commercial Rent

Law, March 1, 1943) is a condition precedent of an action to recover excess rent claimed to have been exacted from and paid by the tenant has been held in *Broadway Turtle King, Inc., v. White-way Arcade, Inc.* (N. Y. L. J., June 24, 1947, p. 2481, col. 5); *Kahan v. 39 Great Jones, Inc.* (N. Y. L. J., Sept. 8, 1947, p. 393, col. 1), and *Matter of Myones (80th Ave. Realty Corp.)* (191 Misc. 290). That a tenant may bring a proceeding to fix the emergency rent in such a situation, if the landlord does not, has also been held in *Matter of Weil* (N. Y. L. J., Sept. 12, 1947, p. 433, col. 5) and *Matter of Myones (80th Ave. Realty Corp.)* (*supra*).

For similar reasons the counterclaim is also insufficient. Until the emergency rent has been fixed by one of the three methods provided by statute, there is no proper basis for determining whether the rent paid by the tenant exceeds the emergency rent.

In view of this disposition it is unnecessary to consider the other ground of the motion. The motion is granted to the extent of dismissing the defenses and counterclaim as insufficient.