■ MAURO CETTA, Doing Business as CETTA BROTHERS, Appellant, v JAMES ROBINSON, Doing Business as MURRAY ROBINSON & SONS, Respondent. (Action No. 1.) MAURO CETTA, Doing Business as CETTA BROTHERS, Respondent, v BERKSHIRE MUTUAL INSURANCE COMPANY, Appellant. (Action No. 2.)—Mercure, J. Appeal, in action No. 1, from an order of the Supreme Court (Harlem, J.), entered December 17, 1987 in Delaware County, which, *inter alia,* granted defendant's cross motion for summary judgment dismissing the complaint.

Appeal, in action No. 2, from an order of the Supreme Court (Harlem, J.), entered December 24, 1987 in Delaware County, which, *inter alia,* partially granted plaintiff's motion for summary judgment on the issue of liability.

Plaintiff operates a shoe store on premises at 136 Delaware Street in the Village of Walton, Delaware County, consisting of a main building, in which the store is located, and a storage building located 42 feet to its rear. During September 1984, a fire damaged inventory in the storage building. At the time of loss, plaintiff maintained a "multi-peril" policy purchased from defendant Berkshire Mutual Insurance Company through an agent, defendant James Robinson. Plaintiff filed a timely proof of loss claim with Berkshire, but the claim was denied on the ground that the contents of the storage building were not covered by the policy.

Plaintiff brought separate actions to recover for the loss against Robinson (action No. 1), alleging negligence in his failure to obtain insurance covering the contents of the storage building, and Berkshire (action No. 2), upon the theory that its contract of insurance covered the loss. Plaintiff moved and defendant cross-moved for summary judgment in each action. Supreme Court granted partial summary judgment against Berkshire in action No. 2, finding it liable up to the limits of plaintiff's policy and reserving for trial all issues as to damages. In view of its determination in action No. 2, Supreme Court granted Robinson summary judgment dismissing the complaint in action No. 1. These appeals by plaintiff in action No. 1 and Berkshire in action No. 2 ensued.

It is undisputed that the multiperil policy was in force on the date of plaintiff's loss and did insure against all direct loss to covered property caused by, among other things, fire. Section "I" of the policy provides: "PERSONAL PROPERTY OF THE INSURED: Business personal property owned by the insured and usual to the occupancy of the insured * * * while (1) in or on the building(s) or (2) in the open (including within vehicles) on or within 100 feet of the designated premises." The "designated premises" covered by the policy are identified as "136 Delaware Street, Walton, New York". The policy also states that coverage is provided to the extent of $18,000 for the personal property of the insured.

Berkshire maintains that the above-quoted policy provision is clear and unambiguous; that the declarations page of the policy states that coverage extends to "location 1, building 1" at "136 Delaware Street"; that plaintiff's business personal property is covered while located within the main building or while located in the open up to 100 feet from the designated premises; and that there is no coverage for items located within any outbuildings or ancillary structures. Plaintiff asserts that the same language is ambiguous and can be reasonably construed to provide coverage for the loss here. In particular, plaintiff contends that the policy extends coverage to business property within the main shoe store building, within any other building within 100 feet of the shoe store or in the open within 100 feet of the shoe store.

Our analysis may well begin with the obvious, i.e., that Berkshire is entitled to have its contract of insurance enforced in accordance with its provisions and without a construction contrary to its express terms (see, Bretton v Mutual of Omaha Ins. Co., 110 AD2d 46, 49, affd 66 NY2d 1020; see also, Caporino v Travelers Ins. Co., 62 NY2d 234, 239). Moreover, no court should disregard provisions of an insurance contract which are clear and unequivocal (Bretton v Mutual of Omaha Ins. Co., supra, at 49; see, Johnson v Travelers' Ins. Co., 269 NY 401, 407) or give a strained or unnatural construction to a policy merely because that interpretation is possible (Bretton v Mutual of Omaha Ins. Co., supra, at 49).

It is equally well settled that if an insurance policy or clause therein is reasonably susceptible to two different interpretations, the one most favorable to the insured should be adopted (Goldner v Otsego Mut. Fire Ins. Co., 39 AD2d 440, 442, affd 33 NY2d 870). We agree with Supreme Court that an ambiguity existed in the policy as a matter of law and that at

least three interpretations of the disputed clause could be reasonably inferred from the language.*

It has been recognized that where a policy provision is ambiguous, the insurer bears the burden of establishing that its construction is not only reasonable but the only fair construction *(Prince v ITT Life Ins. Corp.,* 89 AD2d 779, 780). In interpreting an ambiguous provision, the policy must be read as a whole *(Loblaw, Inc. v Employers' Liab. Assur. Corp.,* 85 AD2d 880, 881, *affd* 57 NY2d 872), through the eyes of the average reasonable person *(Prince v ITT Life Ins. Corp., supra,* at 780). Moreover, an insurance policy must be read in a practical way, so as not to revise or extend the risk, but with a view toward common speech and to what was reasonably intended by the parties when the policy was written and accepted *(De Forte v Allstate Ins. Co.,* 81 AD2d 465, 468, *appeal dismissed* 54 NY2d 1027).

These considerations in mind, we conclude that Berkshire failed in its burden of establishing that its interpretation was reasonable and the only fair construction of the policy *(see, Prince v ITT Life Ins. Corp., supra).* Initially, the designation of the covered premises as 136 Delaware Street could reasonably be interpreted by plaintiff to include both buildings located on his property. Next, the policy's "mercantile" designation could, as plaintiff contends, allow the average business person to reasonably conclude that the separate storage building in which inventory was stored was included. Last, the reasonableness of such an interpretation is underscored by the fact that Robinson himself interpreted the policy as covering plaintiff's claim.

In our view, Supreme Court correctly granted partial summary judgment on the issue of liability to plaintiff in action No. 2. Thus, plaintiff's appeal in action No. 1 is academic and must be dismissed.

Appeal from order entered December 17, 1987 dismissed, as academic, without costs.

Order entered December 24, 1987 affirmed, with costs. Kane, J. P., Weiss, Mikoll, Harvey and Mercure, JJ., concur.

---

* In addition to the constructions advanced by the parties, Supreme Court offered as a third plausible construction, "personal property * * * while in or on the building(s) within 100 feet of the designated premises" or "personal property * * * while in the open (including within vehicles) within 100 feet of the designated premises".