■ Thomas R. Japour, Respondent, v Ed Ryan & Sons Agency, Defendant, and C.N.A. Insurance Companies, Appellant. [625 NYS2d 750] —Casey, J. Appeals (1) from an order and judgment of the Supreme Court (Ferradino, J.), entered June 9, 1994 in Saratoga County, which, *inter alia,* directed a

verdict of liability against defendant C.N.A. Insurance Companies, and (2) from the judgment entered thereon.

At issue on this appeal is whether Supreme Court erred in concluding that, as a matter of law, the fire insurance policy issued by defendant C.N.A. Insurance Companies (hereinafter defendant), which described the insured premises as "33 Middle Street; Waterford, NY 12188, Joisted Masonry; dwelling apartments—3, 4 units", provided coverage when a fire destroyed a detached three-car garage located at the 33 Middle Street premises behind the apartment building. We agree with Supreme Court that the garage was covered by defendant's policy and, therefore, we affirm.

Defendant contends, in the alternative, that the unambiguous language of its policy afforded no coverage for the garage or that the policy language is ambiguous and presented a question of fact for the jury to resolve. To the extent that the policy does not specifically refer to the detached garage in the property description or in the definition of covered property or in any exclusion, the policy is ambiguous. The existence of an ambiguity, however, does not necessarily require that the matter be decided by a trier of fact, for the interpretation of any contract presents a question of law to be determined by the court when the ambiguity can be resolved on the basis of the contract alone, without reference to extrinsic evidence *(see, Hudson-Port Ewen Assocs. v Chien Kuo,* 165 AD2d 301, 303, *affd* 78 NY2d 944).

It is a fundamental rule that ambiguities in an insurance policy must be construed against the insurer *(see, Thomas J. Lipton, Inc. v Liberty Mut. Ins. Co.,* 34 NY2d 356, 361), so that doubt as to the existence of coverage must be resolved in favor of the insured *(see, Handelsman v Sea Ins. Co.,* 85 NY2d 96, 101). An insurer must demonstrate that its interpretation is not only reasonable, but the only fair interpretation *(see, Cetta v Robinson,* 145 AD2d 820, 822). Defendant contends that the specific reference to the apartment dwelling in the description of the property without any reference to the detached garage establishes that only the apartment dwelling is covered. The policy definition of covered property, however, refers to the building described in the declarations, including "[c]ompleted additions". It is undisputed that the garage is a completed appurtenance to the 33 Middle Street premises, and case law establishes that when an insurance policy defines covered property as including additions or extensions, physical attachment or connection with the described building is not neces-

sary in order for there to be coverage *(Gertner v Glens Falls Ins. Co.,* 193 App Div 836, *affd* 233 NY 568; *see, Alterman v Home Ins. Co.,* 195 App Div 151, 155). Had defendant intended its policy to apply only to attached completed additions, it would have so provided *(see, Bronx Blvd. Realty Corp. v Central Mfrs. Mut. Ins. Co.,* 89 NYS2d 14). Similarly, had defendant intended its policy to apply only to completed additions used for a particular purpose, it would have so provided *(see, Alterman v Home Ins. Co., supra).* Based upon the foregoing principle, and considering what was reasonably intended by the parties when the policy was written, we conclude that the three-car detached garage at the 33 Middle Street premises is included as covered property under defendant's policy *(see, Cetta v Robinson, supra,* at 822).

Our conclusion is based upon the language of the policy, without resort to extrinsic evidence. To the extent that the use to which the garage was put might be relevant in determining its "connection" with the building described in the policy *(see, Gertner v Glens Falls Ins. Co., supra,* at 839), resort to extrinsic evidence would be appropriate. The undisputed evidence in the record, however, establishes that plaintiff and two relatives parked their cars in the garage, a use which is entirely consistent with the accessorial nature of the garage as a completed addition to the three-unit apartment building. There is no factual issue for a jury to determine and, therefore, the matter is properly decided as a question of law.

Cardona, P. J., Mikoll, Crew III and Yesawich Jr., JJ., concur. Ordered that the order and judgments are affirmed, with costs.